IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| MATTHEW AND JONNA AUDINO, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 4:16-CV-00631-SMR-HCA |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JPMORGAN CHASE BANK, N.A., | ) ) | ORDER ON MOTION TO DISMISS |
| Defendant. | ) | |

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss, [ECF

No. 19]. The Court held a hearing on the motion on May 31, 2017. The matter is fully submitted

and ready for decision. As explained below, the Court DENIES Defendant's Motion to Dismiss.

## I.  BACKGROUND

This breach-of-contract action arises from the collection of interest on the paid principal of

a mortgage, i.e. "post-payment interest," allegedly in violation of the promissory note. On

October 15, 2008, Plaintiffs Matthew and Jonna Audino obtained a loan to purchase a home in

Melcher-Dallas, Iowa.[1]  [ECF No. 1 ¶ 45]. Defendant subsequently purchased the loan. *Id.*

Plaintiffs' loan was insured by the Federal Housing Administration ("FHA"), and Plaintiffs'

promissory note contained uniform provisions found in FHA-insured loans, including:

---

[1] The facts come from the Complaint, [ECF No. 1], and are assumed true for the purposes of the Motion to Dismiss. *See Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010) (indicating that courts must accept as true a plaintiff's factual allegations, but they need not accept as true a plaintiff's legal conclusions).

2. BORROWER'S PROMISE TO PAY; INTEREST

> In return for a loan received from Lender, Borrower promises to pay the principal sum . . . plus interest, to the order of Lender.  Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender . . . until the full amount of the loan has been paid.

[ECF No. 1-1 at 2].

5. BORROWER'S RIGHT TO PREPAY

> Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month.  Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. . . .

*Id.* at 3.  The FHA regulations referenced in the note prohibit the collection of post-payment interest unless two condition are met: (1) the borrower pays the lender the full unpaid principal on a day other than the first day of the month, and (2) the lender provides the borrower with an FHA-approved form containing certain disclosures.[2]  [ECF No. 1 ¶ 2].  The Department of Housing and

---

[2] Specifically, the regulation detailing how to handle prepayment for FHA-insured mortgages provides:

> (2) With respect to FHA mortgages insured on or after August 2, 1985, but closed before January 21, 2015, the mortgagee shall not require 30 days' advance notice of prepayment, even if the mortgage instrument purports to require such notice.  If the prepayment is offered on other than an installment due date, the mortgagee may refuse to accept the prepayment until the next installment due date (the first day of the month), or may require payment of interest to that date, but only if the mortgagee so advises the mortgagor, in a form approved by the Commissioner, in response to the mortgagor's inquiry, request for payoff figures, or tender of prepayment.

> (3) If the mortgagee fails to meet the full disclosure requirements of paragraphs (b)(1) and (b)(2) of this section, the mortgagee may be subject to forfeiture of that portion of the interest collected for the period beyond the date that prepayment in full was received and to such other actions as are provided in part 25 of this title.

24 C.F.R. § 203.558(b)(2)–(3).

Urban Development ("HUD") requires lenders to use the approved form because the disclosures in the form explain to borrowers that the lender is seeking to collect post-payment interest, the terms under which the lender can collect post-payment interest, and how the borrower can avoid being charged this interest. *Id.* ¶ 3.

On August 1, 2014, Plaintiffs requested and received a payoff statement from Defendant. *Id.* ¶ 47. The statement Defendant provided to Plaintiffs was a form document Defendant had filled in with the information specific to the loan and the borrower. *Id.* ¶ 48. Plaintiffs' interest payments were approximately $574 per month, and the payoff statement represented the Plaintiffs owed $1146.14 in interest for the period of July 1, 2014, to September 1, 2014. *Id.* ¶¶ 53–54.

On August 11, 2014, Plaintiffs paid off their loan. *Id.* ¶ 55. Defendant provided them with a Settlement Statement that showed a payoff to Defendant in the amount of $99,519.67, which included the $1146.14 in interest Defendant represented Plaintiffs owed. *Id.* ¶¶ 55–56. Plaintiffs allege that because Defendant required Plaintiffs to pay interest for the entire month of August, even though they paid the full unpaid principal on August 11, 2014, Defendant collected post-payment interest from Plaintiffs. *Id.* ¶ 56. Plaintiffs further allege Defendant was not entitled to collect post-payment interest because Defendant failed to provide Plaintiffs with an FHA-approved form containing disclosures required by HUD regulations. *Id.* ¶¶ 25, 49.

Plaintiffs bring one Count for breach of contract, alleging Defendant's collection of post-payment interest from Plaintiffs and the putative class breached the terms of the promissory note. *Id.* ¶ 74. Defendant moves to dismiss Plaintiffs' Complaint because (1) "borrowers cannot bring a claim to enforce HUD regulations, as those regulations govern the relationship between a lender/servicer and HUD"; and (2) "borrowers cannot bring an affirmative breach of contract

action for damages based on referenced HUD/FHA regulations in a promissory note or mortgage."
[ECF No. 19 at 1].

## II.  LEGAL STANDARD

Rule 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To meet this standard, and thus survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although the plausibility standard "is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "The facts alleged in the complaint 'must be enough to raise a right to relief above the speculative level.'" *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (quoting *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009)).  All reasonable inferences must be drawn in the plaintiffs' favor. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009).

## III.  ANALYSIS

Defendant's first argument in support of dismissal is that there is no private right of action to enforce HUD regulations.  However, Plaintiffs are not suing under the HUD regulations.  Rather, they seek damages for Defendant's alleged breach of their contract, the promissory note, which they argue incorporated the relevant HUD regulations by reference.

Iowa law recognizes the doctrine of incorporation by reference. *Hofmeyer v. Iowa Dist. Court for Fayette Cty.*, 640 N.W.2d 225, 228 (Iowa 2001) ("Under the doctrine of incorporation, one document becomes part of another separate document simply by reference as if the former is fully set out in the latter."). Defendant argues the regulations were not sufficiently referenced to become part of the contract, pointing out that there are many HUD regulations. However, the section of the promissory note referencing the regulations does not refer to *all* HUD regulations, but rather only those governing how to handle prepayments. *See Mathews v. PHH Mortg. Corp.*, 724 S.E.2d 196, 201 (Va. 2012) (rejecting defendant–lender's argument that deed of trust failed to specifically identify which HUD regulations it incorporated). The Court finds the promissory note clearly referenced and incorporated the regulations at issue under Iowa law. *See Hofmeyer*, 640 N.W.2d at 229 (holding reference to "administrative rule" in indigent defense contract clearly incorporated state law delineating scope of compensation for travel expenses). The issue then is whether, under Iowa law, Plaintiffs may bring a breach-of-contract action based on incorporated HUD regulations.[3]

This question has most often been addressed in the context of foreclosure proceedings. In such proceedings, borrowers may attempt to assert breach-of-contract claims for damages, in addition to seeking equitable relief. A number of courts have refused to recognize affirmative breach-of-contract claims in this context. Of these courts, some have found such a claim is equivalent to a private attempt to enforce HUD regulations, which do not allow a private right of

---

[3] Plaintiffs argue their contract action is based on breaches of two separate provisions of the promissory note, Sections 2 and 5. The Court rejects Plaintiffs' contract claim based on Section 2 "as there is nothing in the plain language of this section which could possibly require that Defendant refrain from collecting 'post-payment interest.'" *See Dorado v. Bank of Am., N.A.*, No. 1:16-CV-21147-UU, 2016 WL 3924115, at *3 n.1 (S.D. Fla. July 21, 2016).

action.  *See, e.g.*, *Mitchell v. Chase Home Fin. LLC*, No. 3:06-CV-2099-K, 2008 WL 623395, at *4 (N.D. Tex. Mar. 4, 2008) (viewing borrowers' claim for breach of contract as "merely a restatement of Plaintiffs['] claims for violations of the HUD regulations incorporated into the Deed of Trust").  Alternatively, other courts have concluded this type of contract claim is barred by the pre-existing duty rule or other contract principles.  *See, e.g.*, *Dixon v. Wells Fargo Bank, N.A.*, No. 12–10174, 2012 WL 4450502, at *8 (E.D. Mich. Sept. 25, 2012) (rejecting a breach of contract claim based on incorporated HUD regulations under pre-existing duty rule).

For instance, in *Wells Fargo Home Mortgage, Inc. v. Neal*, Maryland's highest court held a borrower could not assert regulatory noncompliance as an affirmative claim for damages because the language incorporating the regulations was required by HUD and thus did not amount to a bargained-for term of the contract.  922 A.2d 538, 545–546 (Md. 2007).  Moreover, because the purpose of the regulations addressed the conduct of the lenders, "the regulations do not control directly the relationship between the mortgagor and mortgagee and may not be invoked by the mortgagor as a sword in an offensive cause of action against the mortgagee."  *Id.* at 546.  Rather than sue for breach of contract, a borrower could assert the lender's failure to comply with HUD regulations as a defense to foreclosure.  *Id.* at 551–552.

By contrast, other courts have allowed contract claims to proceed, viewing compliance with incorporated regulations as an enforceable term of the contract.  *See, e.g.*, *In re Silveira*, No. 11–44812–MSH, 2013 WL 1867472, at *13 (Bankr. Mass. May 3, 2013) ("While [HUD] regulations do not provide a mortgagor with a private right of action . . . if they are incorporated into the various loan documents . . . they become enforceable by the parties to the loan documents." (citation omitted)); *Squire v. Va. Hous. Dev. Auth.*, 758 S.E.2d 55, 60–61 (Va. 2014) (determining

that lender's compliance with HUD regulations incorporated into contract operated as condition precedent to foreclosure).

The United States Court of Appeals for the Eleventh Circuit, for example, has held that HUD regulations incorporated into a contract may serve as the basis for a breach-of-contract claim. *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1132 (11th Cir. 2014).   *Bates* was a nonjudicial foreclosure case decided under Georgia law, and the language at issue in the contract stated, "This [deed] does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary."  *Id.*   In the court's view, "this language clearly makes compliance with HUD regulations a condition precedent to the bank's right to accelerate the debt or exercise the power of sale."  *Id.*

Both Plaintiffs and Defendant marshal cases in support of the assertion that their position is the majority rule.  Defendant additionally argues that an unpublished decision from the Iowa Court of Appeals is evidence that a breach-of-contract claim like Plaintiffs' would not be recognized under Iowa law.  *See ABN AMRO Mortg. Grp., Inc. v. Tullar*, No. 06–0824, 2009 WL 1066511 (Iowa Ct. App. Apr. 22, 2009).

In *Tullar*, the plaintiffs had fallen behind on their mortgage payments, leading the defendant–lender to institute foreclosure proceedings.  *Id.* at *1–*2.  The mortgage and promissory note allowed the lender to accelerate the entire balance upon default, except as limited by HUD regulations.  *Id.* at *1.  HUD regulations prohibited foreclosure unless three full monthly installments were due and unpaid.  *Id.* at *3; *see* 24 C.F.R. § 203.606(a).  After the plaintiffs defaulted on their payments and a negotiated repayment plan failed, the lender demanded the entire balance of the mortgage.  *Tullar*, 2009 WL 1066511, at *2.  In the subsequent foreclosure action, the plaintiffs asked the district court to deny the foreclosure because the lender had "breached the

terms of the foregoing note and mortgage provisions by commencing foreclosure proceedings under circumstances that are not permitted by HUD regulations." *Id.* The plaintiffs also filed counterclaims against the lender, including breach of contract. *Id.* The district court granted the lender's foreclosure petition and found in favor of the lender on the plaintiffs' counterclaims. *Id.*

On appeal, the Iowa Court of Appeals adopted the reasoning of *Neal*, 922 A.2d at 544, determining that regulatory noncompliance could be used as a defense to foreclosure but could not underlie an offensive action for breach of contract. *Tullar*, 2009 WL 1066511, at *3–*4. The court noted that "HUD foresaw—and approved—the concept that failure to comply with its so-called 'mitigation' or 'forbearance' rules could be raised as a defense in a foreclosure proceeding" and "[t]hat intent should be honored." *Id.* at *4. The court believed allowing noncompliance as a defense to foreclosure fit the overall regulatory scheme: "[T]here is no unfairness in requiring lenders that benefited from a federal mortgage insurance program to accept the obligations that the federal government intended to impose on them." *Id.* Finally, the court proceeded in its analysis to find the *Tullar* plaintiffs could not even assert noncompliance with HUD regulations as a defense, rather than an affirmative claim, because, upon consideration of the facts, the lender had not violated the relevant regulations. *Id.* at *3–*5.

*Tullar*, as an unpublished decision, is not binding legal authority. Iowa R. App. P. 6.904(2)(c) ("Unpublished opinions or decisions shall not constitute controlling legal authority."). The decision serves as persuasive authority if it is the best evidence of state law. *Allstate Indem. Co. v. Rice*, 755 F.3d 621, 624 (8th Cir. 2014). In attempting to predict how the Iowa Supreme Court would decide this issue, the Court considers not only relevant state precedent but also analogous decisions. *See Raines v. Safeco Ins. Co. of Am.*, 637 F.3d 872, 875 (8th Cir. 2011). As noted above, the bulk of the decisions—including *Tullar*—addressing whether HUD

regulations incorporated into a contract may serve as the basis for an action for breach of contract have arisen in foreclosure cases.

However, actions essentially identical to Plaintiffs' case have been filed in other districts. *See Felix v. Suntrust Mortg., Inc.*, No. 2:16-CV-00066-RWS (N.D. Ga. Sept. 26, 2016) (order dismissing as moot motion to dismiss given prior preliminary approval of class settlement); *Dorado v. Bank of Am., N.A.*, No. 1:16-CV-21147-UU, 2016 WL 3924115, at *1, *6 (S.D. Fla. July 21, 2016) (order denying motion to dismiss); *Smith v. U.S. Bank, N.A.*, No. 1:16-CV-21146-UU (S.D. Fla. July 15, 2016) (order denying motion to dismiss); *Miller v. Wells Fargo Bank, N.A.*, No. 1:16-CV-21145-UU (S.D. Fla. June 22, 2016) (text order granting in part and denying in part motion to dismiss).  In all of those cases, the plaintiffs sued their lenders for the collection of post-payment interest on fully paid principal in a manner that allegedly did not comply with HUD regulations.  The lenders in *Smith*, *Dorado*, and *Miller* moved to dismiss and the court denied the motions.  *Dorado*, 2016 WL 3924115, at *1; *Smith*, No. 1:16-CV-21146-UU (S.D. Fla. July 15, 2016); *Miller*, No. 1:16-CV-21145 (S.D. Fla. June 22, 2016).

In denying the motion to dismiss in *Smith*, the court applied the Eleventh Circuit's decision in *Bates* to determine the plaintiff had stated a claim for breach of contract based on the alleged incorporation of the HUD regulations into the note's provision governing a borrower's right to prepay. *Smith*, No. 1:16-CV-21146-UU, at 4–5 (S.D. Fla. July 15, 2016).  The court likewise cited *Bates* in denying the motion to dismiss in *Miller*.  No. 1:16-CV-21145-UU (S.D. Fla. June 22, 2016).

*Smith* and *Miller* were decided under Florida law.  *Dorado*, though decided by the same district court, was governed by California law where there is no such leading decision similar to *Bates* regarding the incorporation of HUD regulations into a mortgage contract.  2016 WL

3924115, at *2–*3.  The court examined three cases decided under California law, all within the

foreclosure context.  *Id.* at *3–*4.  The defendant–lender urged reliance on *Pfeifer v. Countrywide*

*Home Loans, Inc.*, 211 Cal. App. 4th 1250, 1255 (Cal. Ct. App. 2012), which the court determined

was distinguishable:

> *Pfeifer* addressed whether plaintiffs could bring claims where a bank sought to
> foreclose on a property and not, as here, where a borrower indisputably paid the
> amount necessary to pay off a loan in full. . . . [U]nlike Plaintiff here, the *Pfeifer*
> plaintiffs **owed the lender** money and did not seek to recover funds wrongly
> collected by the lender.  Second, *Pfeifer* expressly limited its holding to the "HUD
> regulations **at issue here**," which were HUD servicing regulations that required a
> face-to-face interview as a condition precedent to foreclosure.  *Pfeifer*, 211 Cal.
> App. 4th at 1264 (emphasis added).  Here, Plaintiff alleges [a] breach of contract
> claim to recover money already paid to Defendant and does so based on
> Defendant's alleged violation of entirely different regulations—namely the
> regulation requiring that a lender provide[] a borrower with a FHA-approved form
> before collecting "post-payment interest."

*Dorado*, 2016 WL 3924115, at *3, *4 (citation omitted).  Moreover, all three cases were "not

binding, or even persuasive, authority" since they addressed claims for equitable relief from

foreclosures by lenders, not legal relief arising from paying off a mortgage.  *Id.* at *5.  The court

went on to determine "a California court would most likely apply the majority rule that 'breach of

contract claims based on a failure to comply with HUD regulations' are viable where the mortgage

instrument expressly incorporates HUD regulations."  *Id.*

    The Court agrees with this reasoning.  As the *Dorado* court noted, the difficulty with

applying the varied reasoning of the aforementioned foreclosure cases is that they are an imperfect

fit.  Plaintiffs here are suing to recover money they believe was wrongfully collected from them

under their mortgage contract, not trying to avoid the foreclosure of a debt they owe.  Facts inform

law.  Thus, cases arising in the foreclosure context can provide only limited guidance in the instant

case.

Moreover, there appears to be a fundamental difference between the regulations at issue here and those in *Tullar* and cases like it.  As Plaintiffs note, the instant regulations govern sufficient disclosure to borrowers to allow them to avoid paying more interest than they otherwise would.  Defendant states the disclosure issue is solely for "for regulation by HUD," as it is "an issue between lenders and HUD/FHA."  [ECF No. 20 at 14].  However, these disclosures are required to allow borrowers to minimize the amount they pay, unlike foreclosure servicing regulations, which were designed to minimize losses to HUD.  *See Neal*, 922 A.2d at 546.  Hence, the regulations at issue here govern the relationship between the parties, rather than a lender and HUD.  To quote the *Tullar* decision, "[T]here is no unfairness in requiring lenders that benefited from a federal mortgage insurance program to accept the obligations that the federal government intended to impose on them."  2009 WL 1066511, at *4.  Here, that obligation was using the correct FHA-approved form containing proper disclosures, which hardly seems onerous.

Additionally, the Court's conclusion is not wholly inconsistent with *Tullar*.  In considering the language incorporating the HUD regulations in *Tullar*, the court adopted another court's conclusion that "it would be inappropriate to deny that contract language any effect."  *Id.* at *3.  In this case, if the Court declines to allow Plaintiffs to pursue a breach-of-contract claim based on the contractually-incorporated HUD regulations, then it is essentially giving that language no effect because Plaintiffs would have no recourse for a breach of that term.

The Court finds Plaintiffs have stated a claim for breach of contract.  The HUD regulations were clearly referenced in the promissory note and incorporated into the contract as an enforceable term.  *See Tullar*, 2009 WL 1066511, at *3 ("The mortgagee *contracted* with the mortgagor to be bound by those regulations.  In other words, the parties agreed that HUD regulations would govern their conduct vis-à-vis each other.").  Plaintiffs have alleged Defendant breached this term through

its failure to properly inform them of their right to avoid the payment of post-payment interest and that this breach caused them to sustain damages in the amount of that interest.  Thus, Plaintiffs have plausibly alleged the elements of a breach-of-contract claim.  *See Iowa Arboretum, Inc. v. Iowa 4-H Found.*, 886 N.W.2d 695, 706 (Iowa 2016) (listing the elements of a breach-of-contract claim under Iowa law).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, [ECF No. 19], is DENIED.

IT IS SO ORDERED.

Dated this 27th day of June, 2017.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT