# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| MATTHEW AND JONNA AUDINO,<br>Individually and on behalf of all others<br>similarly situation,<br><br>                    Plaintiffs,<br><br>        v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                    Defendant. | Case No. 4:16-cv-00631-SMR-HCA |

## SETTLEMENT AGREEMENT AND RELEASE

# TABLE OF CONTENTS

**Page**

Recitals...................................................................................................................... 1

1.    Definitions............................................................................................... 4

2.    Conditions and Effectiveness of Agreement....................................... 11

3.    Settlement Consideration ...................................................................... 16

4.    Qualified Settlement Fund .................................................................... 18

5.    Payments from the Settlement Fund .................................................... 19

6.    Retention and Duties of Settlement Administrator ............................. 22

7.    Notice to the Class and Settlement Website ....................................... 24

8.    Covenants Not to Sue............................................................................ 26

9.    Representations and Warranties............................................................ 26

10.   Releases.................................................................................................. 27

11.   Opt Out Rights ...................................................................................... 29

12.   Objections .............................................................................................. 30

13.   Termination............................................................................................ 32

14.   Certification of Settlement Class for Settlement Purposes................. 34

15.   Attorneys' Fees, Litigation Costs, and Service Awards...................... 35

16.   Stay of Discovery and Other Proceedings .......................................... 37

17.   Return/Destruction of Discovery Materials ........................................ 37

18.   Media and Confidentiality .................................................................... 38

19.   Notices ................................................................................................... 39

20.   Miscellaneous Provisions...................................................................... 39

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and among (i) Plaintiffs Matthew Audino, Jonna Audino, and Daniel Ogles, Jr. (collectively, the "Class Representatives"), individually and as class representatives on behalf of the Settlement Class, and (ii) Defendant JPMorgan Chase Bank, N.A. ("Chase") (collectively the "Parties").  The Parties intend and agree to resolve, discharge and settle fully, finally and forever all claims of the Settlement Class asserted in the class action captioned *Audino, et al. v. JPMorgan Chase Bank, N.A.,* Case No. 4:16-cv-00631-SMR-HCA, pending in the United States District Court for the Southern District of Iowa (the "Action"), and in the class action captioned *Ogles, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 3:17-cv-06593-MMC, previously pending in the United States District Court for the Northern District of California (the "Ogles Action"), subject to approval of the Court.

## RECITALS

A.     On December 12, 2016, Class Representatives Matthew and Jonna Audino filed a putative nationwide class action complaint (the "Class Action Complaint") against Chase, seeking to represent a class of borrowers that paid Post-Payment Interest to Chase at the payoff of their FHA-Insured Loans during the limitations period for each state.

B.     On February 3, 2017, Chase filed a motion to dismiss the Class Action Complaint on the grounds that, among other things, a borrower may not bring a breach of contract claim based upon violation of HUD regulations.  The motion was denied on June 27, 2017.

C.     On August 18, 2017, Chase filed a Motion to Strike Class Allegations, which was fully briefed but not decided.

D.      On October 18, 2017, a stay was entered in the Action to allow the Parties to explore settlement.

E.      On April 11, 2018, the Ogles Action was stayed and administratively closed.

F.      Plaintiffs Matthew and Jonna Audino and Chase have exchanged documents and information, including the production of documents and data and the exchange of discovery requests and responses.  Plaintiffs Matthew and Jonna Audino and Chase also have engaged in extensive briefing, including the motion to dismiss and the motion to strike class allegations, and discovery disputes.

G.      The Parties engaged in a full day of mediation before the Honorable Morton Denlow (ret.).

H.      Based upon their review of the facts and law relating to the matters alleged in the pleadings, the costs of litigation, and following a full day of mediation, the Parties have agreed to settle this Action pursuant to the provisions of this Agreement.

I.      Simultaneously with the filing of the Motion for Preliminary Approval of this Agreement, the Parties agree to file a Joint Stipulation to Conditionally Amend the Complaint for Settlement Purposes, adding Daniel Ogles, Jr. as a Plaintiff.

J.      Chase has denied and continues to deny each and every allegation in the complaints, including all allegations of liability, wrongdoing, and damages, and asserts that it has substantial factual and legal defenses to all asserted claims, as well as the individual and class allegations, asserted in the Action.  The Class Representatives maintain the strength of their positions.  This Agreement shall in no event be viewed, construed as, or deemed to be evidence of, an admission, or concession on the part of the Parties with respect to any claim or allegation

by any plaintiff or Class Member, of any fault, liability, wrongdoing, or damage, or of any defenses that Chase asserted.

K.       By this Agreement, and recognizing the consideration provided for under this Agreement, the Class Representatives intend to fully and finally resolve claims against Chase in connection with the Action, as more fully set forth herein.

L.       The Class Representatives and Class Counsel recognize the expense and length of proceedings necessary to continue the litigation through further motion practice, trial, and any possible appeals.  They have taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation.  They are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Action and the defenses thereto.  Based upon their evaluation, the Class Representatives and Class Counsel have determined that the Settlement set forth in the Agreement is in the best interest of the Class and is fair, adequate, and reasonable.

M.       This Agreement and all associated exhibits or attachments are made for the sole purpose of attempting to consummate settlement of this Action on a class-wide basis.  This Agreement, the Settlement it evidences, and the form it takes are made in compromise of disputed claims.  Because the Action is pled as a class action, this Settlement must receive preliminary and final approval by the Court.  Accordingly, the Class Representatives and Chase enter into this Agreement and associated Settlement on a conditional basis.  In the event that Chase or the Class Representatives exercise a right herein to terminate or rescind this Agreement, the Court does not enter the Final Approval Order, or the associated Judgment does not become Final for any reason, this Agreement shall be deemed null and void *ab initio*, it shall have no force or effect whatsoever, it shall not be referred to or utilized for any purpose

whatsoever by anyone, and the negotiation, terms and entry of the Agreement shall remain subject to the provisions of Federal Rule of Evidence 408, any and all state statutes of a similar nature, and the mediation privilege.

N.      The Parties expressly reserve all rights, claims, and defenses and do not waive any such rights, claims, or defenses in the event that the Agreement is not approved for any reason.  The Parties agree that they each retain and reserve all rights, and agree not to take any position to the contrary.  The Class Representatives agree not to argue or present any argument, and hereby waive any argument, that (i) Chase could not contest class certification and/or proceeding collectively on any grounds if the Action were to proceed, or that (ii) this Agreement is evidence of or constitutes an admission that class certification may be appropriate.

## 1.      <u>Definitions.</u>

As used in all parts of this Agreement, including the recitals above, and the exhibits hereto, the following terms have the meanings specified below:

1.1      "Action" means the civil action captioned *Audino, et al. v. JPMorgan Chase Bank, N.A.,* Case No. 4:16-cv-00631-SMR-HCA, filed on December 12, 2016, and pending in the United States District Court for the Southern District of Iowa.

1.2      "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release, entered into as of the date of the last signature hereto, and all of its attachments and exhibits, which the Class Representatives and Chase understand and agree sets forth all material terms and conditions of the Settlement of the Action between them and which is subject to Court approval.  It is understood and agreed that Chase's obligations under this Agreement are conditioned on, *inter alia*, the occurrence of the Effective Date and other conditions set forth in this Agreement.

1.3     "Attorneys' Fees and Expenses" means such funds as may be awarded in the Court's discretion to Class Counsel to compensate them for the fees and expenses they incurred in connection with the Action.

1.4     "Chase" means JPMorgan Chase Bank, N.A., the defendant in the Action.

1.5     "Class" means the collective group of all persons who had an FHA-Insured Loan for which (i) the FHA-Insured Loan was closed before January 21, 2015; (ii) Chase or its predecessor was the mortgagee or servicer as of the date the total amount due on the FHA-Insured Loan was brought to zero; (iii) Chase collected Post-Payment Interest on the FHA-Insured Loan during the applicable Limitations Period; and (iv) the total amount due on the FHA-Insured Loan was brought to zero on or after July 5, 2009, and on or before March 30, 2018.  Excluded from the Class are Chase, all officers, directors, and employees of Chase, and their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

1.6     "Class Counsel" means, collectively, the law firms of Paul LLP, Rouse Law PC, and Gibbs Law Group LLP.

1.7     "Class Member" means a member of the Class according to the Class definition herein.

1.8     "Class Representatives" or "the Class Representatives" means Matthew Audino, Jonna Audino, and Daniel Ogles, Jr., the named plaintiffs and proposed class representatives in the Action.

1.9     "Complaint" and "Class Action Complaint" refer to the class action complaint filed by the Class Representatives in the Action, including any amended complaints.

1.10     "Court" means the United States District Court for the Southern District of Iowa.

1.11    "Defense Counsel" means Chase's counsel of record in the Action.

1.12    "Effective Date" means the date when all of the conditions set forth in section 2 have occurred, provided, however, that Chase has not exercised its right of termination under section 13 of this Agreement.

1.13    "FHA-Insured Loan" means any first lien, single-family, forward mortgage or deed of trust that is insured by the Federal Housing Administration, along with the underlying note secured by the mortgage or deed of trust, as evidenced by issuance of a Mortgage Insurance Certificate (Form HUD-59100).

1.14    "Final" means five (5) business days after the latest of:  (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; and (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal or writ review from the Judgment.  If the Judgment is set aside, modified, or overturned by any court including on appeal and is not fully reinstated on appeal, the Judgment shall not become final.

1.15    "Final Approval Hearing" means a hearing set by the Court to take place on or about the date which is forty-five (45) days after the Objection Deadline and Opt-Out Deadline, for the purpose of:

      i.      Determining the fairness, adequacy, and reasonableness of the Agreement and associated Settlement pursuant to class action procedures and requirements;

      ii.      Determining the good faith of the Agreement and associated Settlement; and

      iii.      Entering Judgment.

1.16     "Final Approval Order" means an order to be entered and filed by the Court entitled "Final Judgment and Order of Dismissal with Prejudice," in the same or substantially the same form as Exhibit 4 hereto.

1.17     "Judgment" means the Final Approval Order and judgment to be rendered by the Court pursuant to this Agreement, in the same or substantially the same form as Exhibit 4 hereto.

1.18     "Limitations Period" means the statute of limitations period for a claim on a written contract in the state in which the property securing the FHA-Insured Loan is located.

1.19     "Notice" means the notice that is provided to potential Class Members, in the same or substantially the same forms as Exhibit 1 and 2 hereto and/or as ultimately approved by the Court.

1.20     "Notice List" means a list, to be treated as Confidential pursuant to the terms of the Protective Order, to be prepared by or at the direction of Defense Counsel and listing the names and addresses of all Class Members, a unique identifying number, and a calculation of the amount of Post-Payment Interest paid by each Class Member.

1.21     "Objection Deadline" means the date identified in the Preliminary Approval Order and Notice by which a Settlement Class Member must file and serve written objections to the Settlement, if any, in accordance with section 12 of this Agreement, to be able to object to the Settlement.  The Objection Deadline shall be forty-five (45) days after Notice is mailed and no later than forty-five (45) days prior to the Final Approval Hearing, or as the Court may otherwise direct.

1.22     "Ogles Action" means the civil action captioned *Ogles, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 3:17-cv-06593-MMC, filed on November 15, 2017, and previously pending in the United States District Court for the Northern District of California.

1.23    "Opt-Out Deadline" means the date identified in the Preliminary Approval Order

and Notice by which a Request to Opt Out must be submitted in writing to the Settlement

Administrator in accordance with section 11 of this Agreement in order for a person who would

otherwise fall within the definition of Settlement Class to be excluded from the Settlement Class.

The Opt-Out Deadline shall be forty-five (45) days after Notice is mailed and no later than forty-

five (45) days prior to the Final Approval Hearing, or as the Court may otherwise direct.

1.24    "Party" or "Parties" means the Class Representatives, individually and as class

representatives on behalf of the Settlement Class, and Chase.

1.25    "Post-Payment Interest" means interest charged on an FHA-Insured Loan from

the date that the FHA-Insured Loan was paid in full to the next installment due date, if the FHA-

Insured Loan was not paid in full on the installment due date (*i.e.,* the first calendar or business

day of that month).

1.26    "Preliminary Approval Order" means an order to be entered by the Court entitled

"Order Preliminarily Approving Settlement and Providing for Notice" in the same or

substantially the same form as Exhibit 3 hereto.

1.27    "Protective Order" means the Stipulated Protective Order entered in the Action by

the Honorable Helen C. Adams on October 11, 2017.

1.28    "Released Claims" means any and all claims, defenses, demands, objections,

actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, costs, relief for

contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in

equity, for any relief whatsoever, including monetary, sanctions or damage for contempt,

injunctive, or declaratory relief, rescission, general, compensatory, special, liquidated, indirect,

incidental, consequential, or punitive damages, as well as any and all claims for treble damages,

penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim,

suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or

unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to

(1) allegations that were or could have been asserted in the Action or the Ogles Action; or (2)

Post-Payment Interest on each Class Member's FHA-Insured Loan.  It is the intention of the

Class Representatives to provide a general release of all Released Claims against the Releasees.

      1.29    "Releasees," or "Released Parties" means each of (1) Chase; (2) each of Chase's

past, present or future subsidiaries, parent companies, divisions, affiliates, partners or any other

organizational units of any kind doing business under their names, or doing business under any

other names, or any entity now or in the past merged, controlled by, controlling, or under the

common control with any of the foregoing and doing business under any other names, and each

and all of their respective affiliates and subsidiaries, and each of their respective predecessors,

successors, and assigns, as well as any past, present, or future person or entity that held any

interest in the FHA-Insured Loan at the time the full outstanding balance was brought to zero;

and (3) each of the present and former officers, directors, partners, shareholders, agents,

employees, attorneys (including any consultants hired by counsel), advisors, trustees and co-

trustees, investment advisors, associates, investment bankers, independent contractors,

representatives, beneficial owners, insurers, accountants, heirs, executors, and administrators,

and each of their respective predecessors, successors, and assigns of any person or entities in

subparts (1) or (2) hereof.

      1.30    "Releasors" means the Class Representatives, all Settlement Class Members, and

each of their respective heirs, executors, administrators, assigns, predecessors, and successors,

and any other person claiming by or through any or all of them.

1.31    "Request to Opt Out" means the written request from a Class Member who seeks to be excluded from the Settlement Class and that complies with the requirements set forth in section 11 of this Agreement.

1.32    "Settlement" means the settlement terms set forth in this Agreement.

1.33    "Settlement Administrator" means KCC LLC, the third-party agent or administrator retained to help implement and effectuate the terms of this Agreement.

1.34    "Settlement Class" means the collective group of all of the Class Members who do not properly and timely exclude themselves from the Settlement, and thus means the collective group of all of the Class Members who will become bound by the Judgment when the Effective Date occurs.

1.35    "Settlement Class Member" or "Member of the Settlement Class" means any person who is a member of the Settlement Class.

1.36    "Settlement Fund" means the $11,220,000.00 that Chase shall pay pursuant to section 3 of the Agreement.

1.37    "Settlement Website" means the website to be established by the Settlement Administrator as set forth in section 7.

1.38    "Unknown Claims" mean any Released Claims which any Releasor does not know or suspect to exist in his or her favor at the time of the entry of the Judgment, and which, if known by him or her might have affected his or her settlement with and release of the Releasees, or might have affected his or her decision to opt out of the Settlement Class or to object to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have to the

fullest extent allowed by law, waived the provisions, rights, and benefits of any statute or

principle of common law similar to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Each Releasor may hereafter discover facts in addition to or different from those which he or she

now knows or believes to be true with respect to the subject matter of the Released Claims, but

the Releasors, upon the Effective Date, shall be deemed to have, and by operation of the

Judgment shall have, fully, finally, and forever settled and released to the fullest extent allowed

by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or

non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed

upon any theory of law or equity now existing or coming into existence in the future, including,

but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of

any duty, contract, law, or rule, without regard to the subsequent discovery or existence of such

different or additional facts.  The Class Representatives acknowledge, and the Settlement Class

Members shall be deemed by operation of the Judgment to have acknowledged, that the

foregoing waiver was separately bargained for and a material term of the Settlement of which

this release is a part.

**2.**      **Conditions and Effectiveness of Agreement.**

2.1     This Agreement is expressly contingent upon the satisfaction, in full, of the

material conditions set forth below.  The Effective Date of this Agreement shall be the date when

all of the following listed below shall have occurred.

2.2     The Parties have signed the Agreement.

2.3     CAFA (Class Action Fairness Act).  This Settlement shall be administered as if governed by 28 U.S.C. § 1715.  Chase shall be responsible for providing the notice under that statute but in no event shall the Final Approval Hearing take place prior to the provision of effective notices and the expiration of the statutory time.  The Final Approval Order shall make a finding that 28 U.S.C. § 1715 was fully complied with.

2.4     Court Approval.  The Court approves this Agreement in accordance with the following steps:

2.4.1   Motion for Preliminary Approval.   After good faith consultation with Defense Counsel, Class Counsel will present a Motion for Preliminary Approval to the Court within twenty (20) days of execution of this Agreement, including the Notice in the same or substantially the same form as Exhibits 1 and 2 hereto, and the Preliminary Approval Order in the same or substantially the same form as Exhibit 3 hereto.

2.4.2   Certification of Class for Settlement Purposes.   In connection with the proceedings for Preliminary and Final Approval, the Class Representatives shall seek orders (Preliminary and Final, respectively) certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only.

2.4.3   Entry of Preliminary Approval Order.  The Court shall enter a Preliminary Approval Order in the same or substantially the same form as Exhibit 3 hereto, which shall among other things:

a.     Preliminarily certify the proposed Class under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only;

b.      Preliminarily approve this Agreement as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure subject to final determination by the Court;

c.      Approve the Parties' Joint Stipulation to Conditionally Amend the Complaint for Settlement Purposes;

d.      Approve the appointment of the Class Representatives as representatives of the Class for the Settlement and the appointment of Class Counsel as counsel for the Class for the Settlement;

e.      Approve a form of Notice in the same or substantially the same forms as Exhibits 1 and 2 hereto to be provided to the individuals on the Notice List;

f.      Direct the Settlement Administrator, within thirty (30) days after entry by the Court of the Preliminary Approval Order, to mail the postcard Notice in the same or substantially the same form as Exhibit 1 hereto to each individual on the Notice List by first-class mail;

g.      Direct the Settlement Administrator, within thirty (30) days after entry by the Court of the Preliminary Approval Order, to establish the Settlement Website, which shall contain copies of this Agreement and Exhibits including the long-form Notice in the same or substantially the same form as Exhibit 2 hereto;

h.      Schedule a Final Approval Hearing on final approval of this Settlement at least 120 days after entry of the Preliminary Approval Order;

i.      Establish a procedure for Class Members to exclude themselves and set an Opt-Out Deadline, no later than forty-five (45) days before the Final Approval Hearing, after

which no Class Member shall be allowed to opt out of the Settlement and shall be bound to the terms of the Settlement;

j.      Establish a procedure for Settlement Class Members to appear and/or object to the Settlement and set an Objection Deadline, no later than forty-five (45) days before the Final Approval Hearing, after which no Settlement Class Member shall be allowed to object;

k.      Require any attorneys representing a member of the Class, at the Class member's expense, to file a notice of appearance;

l.      Stay all proceedings in the Action against Chase, other than proceedings as may be necessary to carry out the terms and conditions of the Agreement;

m.      Pending Final Approval, and upon expiration of the Opt-Out Deadline, preliminarily enjoin each Settlement Class Member from maintaining, commencing, prosecuting or pursuing directly, representatively, or in any other capacity any Released Claim subsumed and covered by the Release in this Agreement in any court or arbitration forum;

n.      Contain such other and further provisions consistent with the terms and provisions of this Agreement as the Court may deem advisable; and

o.      Authorize the Parties to take all necessary and appropriate steps to establish the means necessary to implement the terms of this Agreement.

2.5     <u>Notice to Class Members</u>.  The Settlement Administrator shall cause the postcard Notice in the same or substantially the same form as Exhibit 1 hereto to be mailed, and shall cause the long-form Notice in the same or substantially the same form as Exhibit 2 hereto to be made available on the Settlement Website, pursuant to the Preliminary Approval Order and the terms of this Agreement.

2.6     <u>Order of Final Approval and Judgment</u>.  The Court shall enter the Final Approval

Order in the same or substantially the same form as Exhibit 4 hereto, which shall, among other

things:

a.      Find that (i) the Court has personal jurisdiction over the Settlement Class

Members, (ii) the Court has subject matter jurisdiction over the claims asserted in the Action,

and (iii) venue is proper;

b.      Finally approve the Settlement;

c.      Finally certify the Settlement Class for settlement purposes only;

d.      Find that the form and means of disseminating the Notice complied with

all laws, including, but not limited to, the Due Process Clause of the United States Constitution

and CAFA, and find that the Parties and procedures used complied with federal law so as to give

full effect to the Settlement;

e.      Enter Final Judgment with respect to the Released Claims of all

Settlement Class Members and dismiss the Released Claims with prejudice;

f.      Make the Releases in section 10 of this Agreement effective as of the date

of the Final Judgment;

g.      Permanently bar and enjoin the Class Representatives and all Settlement

Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class

members or otherwise) any action in any jurisdiction for the Released Claims;

h.      Permanently bar and enjoin the Class Representatives and all Settlement

Class Members from organizing Settlement Class Members, or soliciting the participation of

Settlement Class Members, or persons who would otherwise fall within the definition of

Settlement Class Members but who have requested to be excluded from the Settlement Class, in

a separate class for purposes of pursuing any action (including by seeking to amend a pending

complaint or counterclaim to include class allegations, or seeking class certification in a pending

action in any jurisdiction) based on or relating to any of the Released Claims;

       i.      Find that, by operation of the entry of the Judgment, the Class

Representatives and all of the Settlement Class Members shall be deemed to have forever

released, relinquished, and discharged the Released Parties from any and all Released Claims;

       j.      Authorize the Parties to implement the terms of this Agreement;

       k.      Retain jurisdiction relating to the administration, consummation,

enforcement, and interpretation of the Agreement, the Final Judgment, and for any other

necessary purpose; and

       l.      Issue related orders to effectuate the Final Approval of the Settlement and

its implementation.

2.7    <u>No Injunctive Relief</u>.  The Final Approval Order and Judgment shall not provide

for any injunctive relief against Chase.

2.8    <u>Finality of Judgment</u>.  The Final Approval Order has become Final, including

expiration of the time for filing any appeal from or other form of objection to the Final Approval

Order, full and final resolution of any appeal or other form of objection that may be filed, and

expiration of the time for seeking review of that disposition through an appeal, *en banc* hearing,

or higher level of review.

**3.**      **<u>Settlement Consideration.</u>**

3.1    In consideration for the Releases set forth in section 10, Chase will provide the

following benefits.  Chase shall have no other payment obligations under this Settlement except

as expressly set forth herein.

3.2     Within thirty (30) days of the Court's entry of the Preliminary Approval Order, Chase will initially fund the Settlement Fund by depositing into an escrow account, the terms of which shall be subject to Chase's approval, the sum of $250,000 (two hundred fifty thousand U.S. dollars) to cover initial costs and expenses for implementing the terms of the Settlement set forth herein.  Within thirty (30) days of the Effective Date, Chase will fund the Settlement Fund by depositing into the escrow account the remaining Settlement Fund balance of $10,970,000.00 (10.97 million U.S. dollars).  The Settlement Fund shall be used to pay (i) the Settlement Administrator's costs associated with disseminating the Class Notice, and any escrow, administrative and/or bank-related fees and costs associated with the Settlement Administrator's distribution of payments to Settlement Class Members, (ii) distributions to Settlement Class Members as described in section 5 of this Agreement, (iii) such Service Awards to the Class Representatives as described in section 15 of this Agreement, and (iv) such Attorneys' Fees and Expenses as described in section 15 of this Agreement.  In no event shall Chase's payment obligation under the Settlement exceed the Settlement Fund ($11,220,000.00).

3.3     In the event that there is any residual amount in the Settlement Fund after the distributions required by this Agreement are completed and the time for cashing or depositing settlement checks has expired pursuant to paragraph 5.5, that residual amount shall revert to and be the sole property of Chase.

3.4     Following the Effective Date and Chase's satisfaction of its payment obligations, Class Counsel will execute and file an acknowledgement that Chase has satisfied the payment obligations under the Settlement Agreement.

4.      **Qualified Settlement Fund.**

4.1      The Settlement Fund shall constitute a "qualified settlement fund" ("QSF") within the meaning of Treasury Regulation Section 1.468B-1 promulgated under Section 468B of the Internal Revenue Code of 1986 as amended.   The Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3).

4.2      Upon or before establishment of the QSF, the Settlement Administrator shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation § 1.468B-2(k)(4), and shall provide Chase with that employer identification number on a properly completed and signed IRS Form W-9.

4.3      If requested by either Chase or the Settlement Administrator, the Settlement Administrator and Chase shall fully cooperate in filing a relation-back election under Treasury Regulation § 1.468B-1 (j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

4.4      Following its remittances of the Settlement Fund monies as described in paragraph 3.2 of this Agreement, Chase shall have no responsibility, financial obligation or liability whatsoever with respect to the notifications to the Class required hereunder, the processing of opt out letters, distributions to Settlement Class Members, payments to Class Counsel, Service Awards to the Class Representatives, investment of QSF funds, payment of federal, state, and local income, employment, unemployment, excise, and any other taxes, penalties, interest or other charges related to taxes imposed on the QSF or its disbursements, payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the QSF, since it is agreed that such deposits shall fully discharge Chase's

obligation to the Class Representatives, Settlement Class Members, Class Counsel and expenses of administration with respect to the disposition of the Settlement Fund.

4.5     The Settlement Administrator shall file or cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(1)(2). Any contract, agreement or understanding with the Settlement Administrator relating to the QSF shall require the Settlement Administrator or its agent to file or cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § l.468B-2(1)(2). The Settlement Administrator may, if necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder.

## 5.     **Payments from the Settlement Fund.**

5.1     <u>Payment to Settlement Class Members.</u>  Within the latter of forty (40) days after the Effective Date or thirty (30) days after the Court's order awarding Service Awards and Attorneys' Fees and Expenses, the Settlement Administrator shall remit payments by check to each Settlement Class Member from the Settlement Fund in accordance with this section.

5.2     To determine the amount of each Settlement Class Member's distribution, the Settlement Administrator, using the Notice List, will make the following calculations:

5.2.1   <u>Minimum Distribution</u>.   The Settlement Administrator will allocate a minimum payment of $5 to every Settlement Class Member (the "Minimum Distribution").

5.2.2   <u>Net Settlement Fund</u>.   To calculate the Net Settlement Fund, the Settlement Administrator will deduct the costs of settlement administration, Service Awards, Attorneys' Fees and Expenses, and the Minimum Distribution (determined in paragraph 5.2.1) from the Settlement Fund.

5.2.3   <u>Enhanced Distribution.</u>   Each Settlement Class Member from whom Chase collected more than $50 in Post-Payment Interest is eligible to receive an Enhanced Distribution. For each such Settlement Class Member, the Settlement Administrator will divide the amount of Post-Payment Interest Chase collected from that Settlement Class Member by the total amount of Post-Payment Interest Chase collected from all such Settlement Class Members receiving an Enhanced Distribution under this paragraph, to arrive at each such Settlement Class Member's pro rata percentage.   For each such Settlement Class Member, the Settlement Administrator will multiply the pro rata percentage by the Net Settlement Fund, with the calculation constituting the Enhanced Distribution for that Settlement Class Member.   The Settlement Administrator shall add any Enhanced Distribution to each Settlement Class Member's Minimum Distribution.

5.3   <u>Co-borrowers.</u>   If, according to the Notice List, there are co-borrowers on the account for which Post-Payment Interest was paid, the settlement check shall be made jointly payable to all named borrowers.

5.4   <u>Deceased Settlement Class Members.</u>   Any distribution paid to a deceased Settlement Class Member shall be made payable to the estate, beneficiary, or heir of the deceased Settlement Class Member, provided that the Settlement Class Member's estate, beneficiary, or heir informs the Settlement Administrator ten (10) days prior to the date that

settlement checks are mailed of the Settlement Class Member's death and provides the

Settlement Administrator a death certificate and/or such other documentation as the Settlement

Administrator may require.

5.5     If a Settlement Class Member's settlement check is not deposited (or cashed)

within one-hundred-ten (110) days after the check is mailed, and cleared from the Settlement

Fund within one-hundred-twenty (120) days after the check is mailed:

      i.     the settlement check will be null and void;

      ii.     the Settlement Class Member will be barred from receiving a further

           distribution under this Agreement; and

      iii.     the amount of such check will revert to Chase.

The Settlement Administrator shall calculate and distribute the total reverter to Chase within 130

days after the mailing of the settlement checks.

5.6     For each payment made pursuant to this Agreement, Chase, itself or through the

Settlement Administrator, may report each payment to government authorities including the

Internal Revenue Service as required by law, and it shall make all required deductions and/or

withholdings.  The Settlement Administrator further may issue a Form 1099 to each Settlement

Class Member.  Settlement Class Members shall be solely responsible for the reporting and

payment of any federal, state, and/or local income or other tax or any other withholdings, if any,

on any of the payments made pursuant to this Agreement.  Chase makes no representations and it

is understood and agreed that Chase has made no representations as to the taxability of any

portions of the settlement payments to any Settlement Class Members, the payment of any

Attorneys' Fees and Expenses, or the payment of any Service Awards to the Class

Representatives.  The long-form Notice will advise Class Members to seek their own tax advice

prior to acting in response to the Notice, and the Class Representatives and Class Counsel agree that Class Members will have an adequate opportunity to seek tax advice prior to acting in response to the Notice.

5.7     The Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to or arising out of the determination, administration, calculation, investment, allocation, distribution, or payment of award amounts or distributions, the payment or withholding of taxes, or any losses incurred in connection therewith.  No person shall have any claim against the Releasees, Class Counsel or any other agent designated pursuant to this Agreement based upon the distributions made substantially in accordance with this Agreement or any order of Court.

**6.     Retention and Duties of Settlement Administrator.**

6.1     Chase shall select the Settlement Administrator, with Class Counsel's consent, which consent shall not be withheld unreasonably.

6.2     The Settlement Administrator shall administer the Settlement pursuant to the terms of this Agreement.  The Settlement Administrator shall be responsible for Notice (including data standardization and de-duplication of the Notice List including updating addresses through the National Change of Address (NCOA) system or similar database, reasonable efforts to update addresses for undeliverable Notices, and printing and mailing the Notice), drafting and submitting the CAFA notice, status reporting, creating and hosting a Settlement Website, and disbursing the Settlement Fund, including payments to Settlement Class Members and such Service Awards to the Class Representatives and Attorneys' Fees and Expenses as the Court may award.  The Settlement Administrator may request from any Settlement Class Member any information reasonably necessary to effectuate payment to that

Settlement Class Member (e.g., to confirm estate information relating to a deceased Settlement Class Member). The Settlement Administrator shall also be responsible for additional tasks the Parties jointly agree are necessary to accomplish administration of the Settlement.

6.3     Chase shall not be responsible for any costs of the Settlement Administrator for additional services provided outside the scope of this Settlement Agreement.

6.4     Defense Counsel will coordinate with the Settlement Administrator to provide Notice to the Class, as provided in this Settlement Agreement. Because the information about Class Members that will be provided to the Settlement Administrator will consist of confidential information, non-public personal information, and other information protected by privacy laws, the Settlement Administrator will execute consent to be bound by the Protective Order and will take all reasonable steps to ensure that any information provided to it by Defense Counsel will be used solely for the purpose of effecting this Settlement and otherwise shall comply with Chase's vendor and information security requirements. Any such information provided to the Settlement Administrator will not be provided to the Class Representatives or Class Counsel. The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Settlement Agreement or by court order.

6.5     The Settlement Administrator shall complete and provide to Defense Counsel any W-9 forms necessary for Chase to implement this Settlement.

6.6    The Settlement Administrator shall provide to Defense Counsel confirmation in writing upon its completion of the administration of the Settlement.

**7.**    <u>**Notice to the Class and Settlement Website.**</u>

7.1    Subject to the Court's approval, the form of Notice shall be in the same or substantially the same form as Exhibits 1 and 2 hereto.

7.2    Within seven (7) days of the Court's entry of the Preliminary Approval Order, Defense Counsel shall provide the Settlement Administrator with the Notice List.  The Settlement Administrator shall treat the Notice List as Confidential pursuant to the terms of the Protective Order and paragraph 6.4 of this Agreement.  Class Counsel shall be entitled to a version of the Notice List that includes only the unique identifier, state where the property on which Post-Payment Interest was paid is located, and the amount of Post-Payment Interest paid, and shall include no other information.

7.3    If, by entering an order approving the final form of the Notice, the Court provides authorization to send the postcard Notice in the same or substantially the same form as Exhibit 1 hereto to the individuals on the Notice List, the Settlement Administrator will mail the postcard Notice to the individuals on the Notice List, no later than thirty (30) days after the date of the Court's entry of the Preliminary Approval Order.  Prior to mailing, the Settlement Administrator shall attempt to update the last known addresses of the Class Members set forth on the Notice List through the National Change of Address system or a similar database.  The Agreement and long-form Notice in the same or substantially the same form as Exhibit 2 hereto shall be posted on the Settlement Website, as outlined in this section.

7.4    Following the mailing of the Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing.

7.5     Unless the Settlement Administrator receives a Notice returned from the United States Postal Service for reasons discussed below in this paragraph, that Notice shall be deemed mailed and received by the individual to whom it was sent five (5) days after mailing.  In the event that subsequent to the first mailing of a Notice, and prior to seven (7) days before the Opt-Out Deadline, the Notice is returned to the Settlement Administrator by the United States Postal Service with a forwarding address for the recipient, the Settlement Administrator shall re-mail the Notice to that address, and the Notice will be deemed mailed at that point.  If any Notice is returned undeliverable, the Settlement Administrator will be instructed to attempt one skip-trace and if the skip-trace establishes an alternate address, the Settlement Administrator shall re-mail the Notice to that alternative address.  The Notice shall be deemed received by the individual once it is mailed for the second time.  Nothing in this paragraph shall be construed to extend the Opt-Out Deadline for any Class Member.

7.6     No later than thirty (30) days after the Effective Date, the Settlement Administrator, upon the approval of the Court to file under seal pursuant to the Protective Order (to protect the names, addresses, and other personal information of Class Members), will cause to be filed with the Court a list of the names and addresses of all Class Members to whom the Notice was sent.

7.7     No later than the mailing of the postcard Notice, the Settlement Administrator shall establish the Settlement Website, which shall contain copies of this Agreement and Exhibits including the long-form Notice.  The Settlement Administrator shall also post to the Settlement Website the entered Preliminary Approval Order; applications for Preliminary Approval, Final Approval, and Service Awards and Attorneys' Fees and Expenses; entered Final Approval Order; and any order approving Service Awards and Attorneys' Fees and Expenses.  The

Settlement Website shall remain open and accessible through the Effective Date, and for at least one hundred (100) days after the mailing of the settlement checks as described in section 5.

**8.**     **Covenants Not to Sue.**

8.1     The Class Representatives, on behalf of themselves and the Settlement Class Members, covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances relating thereto, against any of the Released Parties; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of the Settlement Class but who requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto, against any of the Released Parties; and (iii) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Releasees.

**9.**     **Representations and Warranties.**

9.1     Chase represents and warrants that, to the best of its knowledge, the Notice List is complete and accurate based upon its available business records and that the total number of FHA-Insured Loans represented on the Notice List shall not exceed 381,100.

9.2     The Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties, and further covenant that they will not assign or otherwise transfer any interest in any of the Class Representatives' Released Claims.

9.3     The Class Representatives represent and warrant that they have no surviving claim or cause of action against any of the Released Parties with respect to any of the Released Claims.

9.4     The Parties, and each of them on his, her, or its own behalf only, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel, that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to the Settlement Agreement.  Each of the Parties assumes the risk of mistake as to facts or law.

## 10.    Releases.

10.1    On the Effective Date, Releasors, including but not limited to the Class Representatives, on their own behalf and on behalf of each Settlement Class Member, by operation of this Release and the Judgment set forth in the Final Approval Order, do hereby and shall be deemed to have fully, finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and discharged any and all of the Releasees of and from any and all Released Claims and, without further action by any person or the Court, will be deemed:  (a) to have consented to dismissal of the Action and the dismissal with prejudice of any and all Released Claims; (b) to have released and forever discharged any and all Released Claims; and

(c) to be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to any state, federal, or foreign court, or regulatory agency, or any arbitration forum, each and every Released Claim.  The Parties agree that the Releasees will suffer irreparable harm if any Settlement Class Member takes action inconsistent with this paragraph, and that in that event, the Releasees may seek an injunction as to such action without further showing of irreparable harm in this or any other forum.

10.2     The Releasors acknowledge and agree that they are aware that they may hereafter discover material or immaterial facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Release, that it is possible that unknown facts, losses or claims exist, and that known losses may have been underestimated in amount or severity.  This was explicitly taken into account in connection with this Agreement.  It is the Releasors' intention to, and they do hereby, upon the Effective Date of this Agreement, fully, finally, and forever settle and release each and every one of the Releasees from each and every Released Claim.

10.3     Subject to Court approval, each Settlement Class Member shall be bound by this Agreement and all of their Released Claims shall be dismissed with prejudice and released even if they never received actual, prior notice of the Action or its Settlement in the form of the Notice or otherwise.  The Release and agreements contained in this section 10 shall apply to and bind all Settlement Class Members, including those Settlement Class Members whose postcard Notices are returned as undeliverable, and those for whom no current address can be found, if any.

10.4     On the Effective Date, Releasors hereby release the Releasees from each and every Released Claim.

10.5     Promptly after the Effective Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that are released pursuant to this Agreement.

**11.**     **Opt Out Rights.**

11.1     A Settlement Class Member who wishes to be excluded from the Settlement Class must do so in writing.  In order to opt out, the Class Member must complete and send to the Settlement Administrator, at the address listed in the Notice and on the Settlement Website, a Request to Opt Out that is postmarked no later than the Opt-Out Deadline, as specified in the Notice and Preliminary Approval Order.  The Request to Opt Out must: (a) identify the case name; (b) identify the full name and address of the person requesting exclusion and the state where the property on which the Post-Payment Interest was paid is located; (c) be personally signed by the person requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action."  Mass or class opt outs shall be void.

11.2     Any Settlement Class Member who does not opt out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class upon the expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments.

11.3     Any Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this section, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative or actual class member in any other class action filed against any of the Released Parties.

11.4     Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief

under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

11.5     The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests to Opt Out within seven (7) business days after the Opt-Out Deadline.

11.6     Notwithstanding the foregoing, a Class Member shall have the right to revoke a properly and timely submitted request for exclusion if a notice of the Class Member's election to revoke his or her exclusion is sent to the Settlement Administrator, postmarked on or before the Opt-Out Deadline.

## 12.     Objections.

12.1     Overview.  Any Settlement Class Member may object to the Settlement.  To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

12.2     Process.  Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Notice and Preliminary Approval Order.  The written objection must be mailed (with the requisite postmark) to Class Counsel and Defense Counsel (at the addresses identified in section 19), no later than the Objection Deadline.

12.3     Form of Objection.  The requirements to assert a valid written objection shall be set forth in the Notice and on the Settlement Website, and, to be valid, the written objection must include: (a) the case name and number; (b) the full name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the specific legal and factual bases for objection; (d) a specific list of each instance in which the

Settlement Class Member or his or her counsel has objected to a class action settlement in the past five years; and (e) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel. The written objection must be personally signed by the Settlement Class Member. The Parties shall have the right to take discovery, including via subpoenas *duces tecum* and depositions, from any objector. Further, because any appeal by an objecting Settlement Class Member would delay the payment under the Settlement, each Settlement Class Member that appeals agrees to put up a cash bond to be set by the district court sufficient to reimburse Class Counsel's appellate fees, Class Counsel's expenses, and the lost interest to the Class caused by the delay.

      12.4   <u>Waiver of Objection</u>.  Any Settlement Class Member who fails to object to the Settlement in the manner described in the Notice and consistent with this section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

      12.5   <u>Appearance</u>.  Subject to approval of the Court, any Class Member who files and serves a written objection in accordance with this section and the Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Notice by the Objection Deadline.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in

connection with the Final Approval Hearing.  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

## 13.    **Termination.**

13.1    In the event that the Settlement set forth in this Agreement is not approved without changes by the Court or, if one of the conditions upon which the Agreement is based is not satisfied, or if the Court determines that it lacks jurisdiction to approve the Settlement, or if there is a court order from another court that takes jurisdiction over some or all of the Claims, or if there is a regulator determination that frustrates the purpose of and protection of the Settlement, or in the event that the Effective Date does not occur, no further payments shall be made by Chase to anyone in accordance with the terms of this Agreement, the Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, the Conditionally Amended Complaint filed pursuant to the Parties' Joint Stipulation accompanying the Motion for Preliminary Approval shall be deemed withdrawn and the prior Complaint shall again become the operative Complaint, and this Agreement shall be deemed null and void with no effect on the Action whatsoever.  Reductions in the amount of the requested Attorneys' Fees and Expenses shall not be deemed a substantial change necessitating termination of the Settlement.

13.2    Failure of the Court to enter the Preliminary Approval or Final Approval Order in its entirety or in a similar form without material changes thereto as determined by Chase or the Class Representatives will be grounds for Chase or the Class Representatives to terminate the Settlement and the terms of this Agreement.  If any material portion of the Agreement or the Final Approval Order is vacated, modified, or otherwise altered on appeal, Chase or the Class

Representatives may, in their sole discretion, within fourteen (14) days of such appellate ruling, declare that the Agreement has failed to become effective, and in such circumstances the Agreement shall cease to be of any force and effect.

13.3     In the event that 2% or more of Class Members exclude themselves from the Settlement Class, Chase shall have the absolute discretionary right (but not the obligation) to terminate this Settlement and Agreement and in such case, each and every one of Chase's obligations under this Agreement shall cease to be of any force and effect, and this Agreement and any orders entered into in connection therewith shall be vacated, rescinded, cancelled, and annulled (except for any provision included in the Preliminary Approval Order substantially similar to paragraph 20 of the Preliminary Approval Order attached as Exhibit 3).  If Chase exercises this option, the Parties shall return to the status quo in the Action as if the Parties had not entered into this Agreement.  In addition, in such event, the Agreement and all negotiations, court orders, and proceedings relating thereto shall be without prejudice to the rights of the Parties, and each of them, and evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or in any other proceeding.  Chase must exercise this option pursuant to this paragraph at least fifteen (15) days prior to the Final Approval Hearing, by giving written notice of such exercise to Class Counsel.

13.4     If one of the Parties exercises a right herein to terminate or rescind this Agreement or this Agreement is not approved by the Court pursuant to the proposed Final Approval Order, this Agreement, the conditional Class certification provided herein, the Settlement proposed herein (including any modifications made with the consent of the Parties), and any action taken or to be taken in connection therewith shall be terminated and shall become null and void and have no further force or effect, the Preliminary Approval Order shall be

vacated (except for any provision included in the Preliminary Approval Order substantially similar to paragraph 20 of the Preliminary Approval Order attached as Exhibit 3), the Conditionally Amended Complaint filed pursuant to the Parties' Joint Stipulation accompanying the Motion for Preliminary Approval shall be deemed withdrawn and the prior Complaint shall again become the operative Complaint, the Parties shall be restored to their respective positions existing prior to the execution of this Agreement, and the Parties' rights and obligations with respect to the use of this Agreement and the Settlement contemplated hereby will be subject to section 14 hereof.  In addition, neither this Agreement, the preliminary certification of the Class, the Preliminary Approval Order, nor any other document in any way relating to any of the foregoing, shall be relied on, referred to, or used by anyone in any way for any purpose in connection with any further proceedings in this Action and/or any action, lawsuit, arbitration, or proceeding involving a Released Claim.

**14.     Certification of Settlement Class for Settlement Purposes.**

14.1     After the Preliminary Approval Order and no later than fourteen (14) days before the Final Approval Hearing, the Class Representatives shall move for Final Approval of the Settlement and entry of Final Judgment and shall request that the preliminary certification of the Settlement Class for settlement purposes be made final.

14.2     If the Settlement is not granted final approval and the Final Approval Order is not entered in the same or substantially the same form as Exhibit 4 hereto, the certification of the above-described Settlement Class shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for any other purposes in this or any other action can be or have been satisfied.  In such circumstances, Chase reserves and shall have all rights to challenge certification of a Settlement Class or any

other class for any other purpose in the Action or any other action on all available grounds as if no Settlement Class had been certified.

**15.**   **Attorneys' Fees, Litigation Costs, and Service Awards.**

15.1   Class Counsel may file an application for Attorneys' Fees and Expenses in an amount not to exceed 28% of the Settlement Fund for attorneys' fees and in an amount not to exceed $40,000 for expenses  The Notice shall specify that Class Counsel expects to make an application for an award of attorneys' fees of up to 28% of the Settlement Fund and for reimbursement of expenses in an amount not to exceed $40,000.

15.2   Class Counsel agree that the amounts of such fees and expenses awarded shall compensate them for all legal work in the Action up to and including the date of Final Judgment, including any appeal of the Judgment, as well as for all legal work and costs that may be incurred in the Action or the Accounting after the date of Final Judgment.  The Attorneys' Fees and Expenses shall be paid from the Settlement Fund.  In the event the Court awards Class Counsel less than the amount of Attorneys' Fees and Expenses requested, this Settlement Agreement shall nonetheless remain in full force and effect and the other benefits or payments due or to become due shall not be increased or changed.

15.3   Service Awards to Class Representatives.  Class Counsel shall be entitled, subject to Court approval, to apply to the Court for a service award to the Class Representatives in an amount not to exceed $5,000.00 for each, in recognition of the time and effort they expended in their role as a class representative (the "Service Award"), to be paid from the Settlement Fund. Class Counsel may make this application along with any supporting material along with the motion for Final Approval of the Settlement pursuant to paragraph 14.1.  Chase will not oppose Class Counsel's request for the Service Award provided it is consistent with this Agreement.

15.4    The procedure for and the grant or denial or disallowance by the Court of the applications for Attorneys' Fees and Expenses and Service Awards are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the applications for Attorneys' Fees and Expenses or the Service Awards or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the Finality of Judgment approving the Agreement and the Settlement, except as provided for in section 13.

15.5    Within forty (40) days after the Effective Date or entry of the order approving the application for attorneys' fees (whichever is later), the Settlement Administrator shall make payment of the Attorneys' Fees and Expenses awarded by the Court to Class Counsel, pursuant to payment instructions in writing from Class Counsel.  In accepting this payment, the Class Representatives and Class Counsel, on behalf of themselves and all Settlement Class Members, acknowledge that the payment and method of payment under this Agreement are in full satisfaction of any and all claims, rights, and demands that Class Counsel, the Class Representative, or the Settlement Class had, have, or may claim to have in the future for attorneys' fees, costs, expenses, or any other payment in connection with this Action or this Agreement, up to the date of Final Judgment.  Chase shall have no responsibility for allocation or distribution of the award among Class Counsel.

15.6    Within forty (40) days after the Effective Date or entry of an order approving the application for the Service Awards to the Class Representatives (whichever is later), and upon the Class Representatives' submission of an IRS Form W-9 to the Settlement Administrator, the Settlement Administrator shall make payment by check of the Service Award ordered by the

Court, pursuant to written instructions.  A Form 1099 for the payment of any Service Award will be filed.

15.7     A Form 1099 for the payment of Attorneys' Fees and Expenses will be filed. Class Counsel shall cooperate with the Settlement Administrator to provide all information necessary to process the payment including completing any requested tax forms (*e.g*., IRS Form W-9 and applicable tax identification numbers).  The Settlement Administrator and Chase shall have no responsibility for, and no liability whatsoever with respect to any tax obligations or any allocation among the Class Representatives and Class Counsel, and/or any other person who may assert some claim thereto, of any award, payment or credit issued or made in this Action or pursuant to this Agreement, including but not limited to any award or payment pursuant to this section 15.  Class Counsel and the Class Representatives shall alone be responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment made pursuant to this section 15.  No Party shall be deemed the prevailing party for any other purposes of the Action.

**16.**     **Stay of Discovery and Other Proceedings.**

16.1     To the extent the Action has not already been stayed by the Court, upon execution of this Agreement, the Parties shall discontinue all discovery or other activity or related proceedings in the Action, provided that if this Agreement is terminated pursuant to section 13, the Parties may pursue discovery or other activity or related proceedings.

**17.**     **Return/Destruction of Discovery Materials.**

17.1     The Parties agree that the terms of the Protective Order govern the dealings of the Parties with respect to any materials produced in discovery in this Action and shall continue in force after the Effective Date of the Settlement.  Accordingly, within sixty (60) days of the

Effective Date, the Parties and their counsel of record, and any consultants or experts retained by the Parties or their counsel of record, shall either make a good faith effort to return Confidential and Attorney's Eyes Only Discovery Material (as the terms are defined in the Protective Order) and all copies thereof (including summaries and excerpts) to counsel for the producing party, or destroy all such Confidential or Attorney's Eyes Only Discovery Material, subject to the exceptions contained in paragraph 15 of the Protective Order.  The Parties acknowledge that their duty to return or destroy all Confidential and Attorney's Eyes Only Discovery Material is a continuing duty and the Parties agree to return or destroy any such material found in the future.

17.2     The Court shall retain jurisdiction to ensure compliance with the Protective Order.

## 18.     Media and Confidentiality.

18.1     The Parties, including their Counsel, agree that the terms of this Settlement shall remain confidential and not be disclosed by any Party until the Settlement Agreement is filed in connection with the Class Representatives' Motion for Preliminary Approval.

18.2     The Parties, including their counsel, agree that they shall not at any time publish or issue a press release including but not limited to the media or on the Internet concerning the Settlement.  The Parties further agree that they shall not make any statement, with or without attribution, in response to any media inquiries concerning the Action, Chase, or the Settlement. In response to any such inquiries, the Parties shall decline to comment or refer the inquiring media to the papers filed in the court docket.

18.3     To the extent that Class Counsel settles other actions raising similar claims against other banks, Class Counsel shall not reference this Settlement or Chase in any public comments including to the media in connection with such other actions or otherwise.

19.    **Notices.**

19.1    All notices (other than the Notice to Class Members) required by the Agreement

shall be made in writing and communicated by mail and email to the following addresses:

All notices to Class Counsel shall be sent to Class Counsel c/o:

Richard M. Paul III
Paul LLP
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Phone: (816) 984-8100

All notices to Chase or Defense Counsel shall be sent to Defense Counsel c/o:

Mary J. Hackett
K. Issac deVyver
McGuireWoods LLP
260 Forbes Avenue
Pittsburgh, PA 15222
Telephone: (412) 667-6000

20.    **Miscellaneous Provisions.**

20.1    <u>Cooperation</u>.  The Parties:  (a) acknowledge that it is their intent to consummate

this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and

implement all terms and conditions of the Agreement and to exercise their best efforts to

accomplish the foregoing terms and conditions of the Agreement.

20.2    <u>No Admission</u>.  The Agreement compromises claims which are contested in good

faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim

or defense.  The Parties agree that the amounts paid in settlement and the other terms of the

Agreement were negotiated in good faith by the Parties and at arm's length and reflect a

settlement that was reached voluntarily after consultation with competent legal counsel.  Neither

the Agreement nor the Settlement, nor any act performed or document executed pursuant to, or

in furtherance of, the Agreement or the Settlement:  (a) can or may be deemed to be or may be

used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Releasees, or any of them; or (b) can or may be deemed to be or can or may be used as an admission of, or evidence of, any fault or omission of the Releasees, or any of them, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Chase could not contest (or is estopped from contesting) class certification and/or proceeding collectively on any grounds if this Action were to proceed; this Agreement shall not be deemed an admission by, or ground for estoppel against, Chase that class certification and/or proceeding collectively in the Action is proper or cannot be contested on any grounds.

     20.3   <u>Exhibits</u>.  All of the exhibits to the Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

     20.4   <u>Amendment/Modification</u>.  The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.  Class Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Agreement on behalf of the Class which they deem appropriate.

     20.5   <u>Entire Agreement</u>.  The Agreement and the related documents entered at this time of this Agreement or referenced herein constitute the entire agreement among the Parties hereto concerning the Settlement of the Action.  No representations, warranties, or inducements have

been made to any Party concerning the Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear its own costs and attorney fees.

20.6    <u>Authority</u>.  Each person executing the Agreement or any of its exhibits on behalf of any Party hereto hereby warrants that such person has the full authority to do so.

20.7    <u>Counterparts</u>.  The Agreement may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

20.8    <u>Successors and Assigns</u>.  The Agreement shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties hereto; but this Agreement is not designed to and does not create any third-party beneficiaries.

20.9    <u>No Third-Party Rights or Beneficiaries</u>.  Except as expressly provided for herein, no government agency or official can claim any rights under this Agreement or Settlement, whether with respect to the alleged conduct that is the subject of the Releases, or the funds (or remainder of funds) paid or used in the Settlement.  There are no third party beneficiaries created or implied.

20.10   <u>Jurisdiction</u>.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement until such time that the Court enters an order dismissing the Action with prejudice.

20.11   <u>Governing Law</u>.  The Agreement and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the State of Iowa, and the rights and obligations of the Parties to the Agreement shall be construed and

enforced in accordance with, and governed by, the internal, substantive laws of the State of Iowa without giving effect to its choice of law principles.

20.12   <u>Drafting</u>.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Party. No Party shall be deemed the drafter of this Agreement.  The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel.  Each Party and their counsel cooperated in the drafting and preparation of the Agreement.  In any construction to be made of the Agreement, the Agreement shall not be construed against any Party and the canon of contract interpretation to the contrary shall not be applied.

20.13   <u>Recitals</u>.  The recitals set forth above shall be and hereby are terms of this Agreement as if set forth herein.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

20.14   <u>No Collateral Attack</u>.  The Settlement Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of notices of the Settlement after the Final Judgment is entered.

Dated: __6-13__, 2018

Dated: __6-13__, 2018

CLASS REPRESENTATIVE
MATTHEW AUDINO

By: _____
MATTHEW AUDINO

CLASS REPRESENTATIVE
JONNA AUDINO

By: __Jonna Audino__
JONNA AUDINO

- 42 -

Dated: June 14 _____ , 2018          CLASS REPRESENTATIVE
                                            DANIEL OGLES, JR.

                                            By: _Daniel Ogles (Jun 14, 2018)_____
                                                        DANIEL OGLES, JR.


Dated: _____ , 2018          JPMORGAN CHASE BANK, N.A.

                                            By: _____

                                            Name: _____

                                            Title: _____

Dated: _____, 2018

CLASS REPRESENTATIVE
DANIEL OGLES, JR.

By: _____
                        DANIEL OGLES, JR.

Dated: June 13th , 2018

JPMORGAN CHASE BANK, N.A.

By: _____

Name: _____
    PETER MURUNGI

Title: _____
    Head of Servicing

- 43 -

# EXHIBIT 1

*Audino, et al. v. JPMorgan Chase Bank, N.A.*
Settlement Administrator
[Address]

POSTAGE

# <u>Important Notice About FHA Mortgage Pre-Payment Settlement</u>

Address Block

# If You Prepaid an FHA-Insured Loan With Chase on a Day Other Than the First of the Month and Paid Post-Payment Interest, You May Be Eligible For a Payment from a Class Action Settlement.

## *THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.*

**This is an official court notice from the United States District Court for the Southern District of Iowa,**
***Audino, et al. v. JPMorgan Chase Bank, N.A.,***
**Case No. 4:16-cv-00631-SMR-HCA**

A class action settlement has been reached in a case about interest JPMorgan Chase Bank, N.A. ("Chase") collected on FHA-insured loans paid off early for which Chase was mortgagee or servicer. The lawsuit, *Audino, et al. v. JPMorgan Chase Bank, N.A.*, is pending in the United States District Court for the Southern District of Iowa (the "Court") and alleges that Chase breached the promissory notes underlying the class's FHA-insured home loans when it collected post-payment interest (*i.e.*, interest for the remainder of the month during which the loan was paid off) without providing certain disclosures to borrowers who made a pre-payment inquiry, request for payoff figures, or tender of prepayment.

## Please go to [website] obtain more information about the Settlement and to see the Settlement Agreement.

**Why am I contacted?** Chase's records show that you may be a Class member.  With some limited exceptions, the Class includes all persons who had an FHA-Insured Loan for which (i) the FHA-Insured Loan was closed before January 21, 2015; (ii) Chase or its predecessor was the mortgagee or servicer as of the date the total amount due on the FHA-Insured Loan was brought to zero; (iii) Chase collected Post-Payment Interest on the FHA-Insured Loan during the applicable Limitations Period; and (iv) the total amount due on the FHA-Insured Loan was brought to zero on or after July 5, 2009, and on or before March 30, 2018.

**What are the Settlement terms?** Chase has agreed to deposit $11,220,000 into an escrow fund for Settlement Class Member distributions, settlement expenses, attorneys' fees and expenses, and class representative service awards.

**How much will my Settlement payment be?** If you do not exclude yourself from the Settlement, you will *automatically* receive a check. Each Settlement Class Member will receive at least $5. If you paid more than $50 in Post-Payment Interest, you will receive an increased payment, based on how much you paid in Post-Payment Interest as compared to other Settlement Class Members.  For more information about the Settlement calculation and payment distribution process, please go to the website above.

**Your Rights May Be Affected.** If you do not exclude yourself from the Settlement, you will be bound by the terms of the Settlement Agreement, including its Releases. If you do not want to be legally bound, you must ask (in writing) to be excluded from the Settlement class by [**date**]. If you stay in the Settlement Class, you may object to the settlement (in writing) by [**date**]. The Court will hold a final approval hearing to consider whether to approve the Settlement, a request for attorneys' fees and expenses, and Class Representatives' service awards. You can appear at the hearing, but you do not have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing. Visit the website to learn more about how to exclude yourself from or object to the Settlement.

**When will the hearing be held to determine approval of the Settlement, and where?** The Court will schedule the final approval hearing to take place at 123 East Walnut Street, Des Moines, IA 50309. Once the date and time are determined, it will be available on the website.

**Whom do I contact with questions?** The Court appointed the law firms of Paul LLP (Rick Paul and Ashlea Schwarz at 816-984-8100), Rouse Law PC (Sam Rouse at 515-223-9000), and Gibbs Law Group LLP (Eric Gibbs at 510-350-9700) as Class Counsel, and you may contact them with questions. **Please do NOT contact Chase with questions about this lawsuit or the proposed Settlement.**

# EXHIBIT 2

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

*Audino, et al. v. JPMorgan Chase Bank, N.A.,*
**Case No. 4:16-cv-00631-SMR-HCA**

## If you had an FHA-insured loan with Chase or its predecessor that was closed before January 21, 2015, you paid off the loan in full on or after July 5, 2009, and on or before March 30, 2018, on a day other than the first of the month, and you paid post-payment interest on the loan, then the proposed Settlement of a class action lawsuit may affect your rights.

- This Notice explains what the class action is about, what the Settlement will be if it is approved by the United States District Court for the Southern District of Iowa (the "Court"), what benefits you may receive under the Settlement, and what to do if you want to (i) object to the Settlement or (ii) not participate in the Settlement and instead "opt out" of the class action. These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court still has to decide whether to approve the Settlement. The relief provided to Settlement Class Members will be provided if the Court approves the Settlement and after appeals, if any, are resolved in favor of the Settlement. Please be patient.

- **Your legal rights may be affected whether you act or do not act. Read this Notice carefully because it explains decisions you must make and actions you must take <u>now</u>.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you do nothing, you will receive compensation through the Settlement and will be bound by any orders or judgment relating to the Settlement approved by the Court. |
| **EXCLUDE YOURSELF** | If you exclude yourself, you will not be entitled to money, but you will keep your right to sue Chase on your own about the claims discussed in this Notice. An exclusion request must be in writing and **postmarked** on or before **[DATE]**. |
| **OBJECT TO THE SETTLEMENT** | You can write to the Court about why you do not agree with any aspect of the Settlement. An objection must be in writing and **postmarked** on or before **[DATE]**. |
| **GO TO A HEARING** | You can ask to speak to the Court about the "fairness" of the Settlement, after you submit your objection. A Notice of Intention to Appear must be in writing, **filed**, and **postmarked** on or before **[DATE]** <u>in addition to</u> submitting a timely objection. |

| WHAT THIS NOTICE CONTAINS |
|---|

PART I:   WHAT IS THE LAWSUIT ABOUT? ...............................................................3
  **1.**   WHAT THIS NOTICE EXPLAINS ................................................................3
  **2.**   WHAT IS THIS LAWSUIT ABOUT? ............................................................3
  **3.**   WHY DID THIS LAWSUIT SETTLE? ..........................................................3
  **4.**   WHY IS THIS A "CLASS ACTION"? ...........................................................4

PART II:   DESCRIPTION OF THE CLASS ...................................................................4
  **5.**   AM I A MEMBER OF THE CLASS? .............................................................4
  **6.**   I'M STILL NOT SURE IF I'M INCLUDED. ..................................................4

PART III:   THE LAWYERS REPRESENTING THE SETTLEMENT CLASS ...............4
  **7.**   DO I HAVE A LAWYER IN THIS CASE? .....................................................4
  **8.**   WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? ...........................5
  **9.**   HOW WILL THE LAWYERS AND CLASS REPRESENTATIVES BE PAID? .............5

PART IV:   DECISIONS YOU MUST MAKE NOW .......................................................5
  **10.**   WHAT DO I NEED TO DO NOW? ................................................................5
  **11.**   WHAT IF I DO NOTHING? ...........................................................................5

PART V:   SETTLEMENT BENEFITS – WHAT YOU GET .........................................6
  **12.**   WHAT DOES THE SETTLEMENT PROVIDE? ............................................6

PART VI:   EXCLUDING YOURSELF FROM THE SETTLEMENT ...........................7
  **13.**   HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT? ...............................................................................................7
  **14.**   WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS? ...............7
  **15.**   WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE SETTLEMENT CLASS? ...............................................................................................7
  **16.**   CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS? ...............8

PART VII:   OBJECTING TO THE SETTLEMENT .......................................................8
  **17.**   HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT? ......................8
  **18.**   WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"? ...............................................................................................9

PART VIII:   THE COURT'S FINAL APPROVAL HEARING .......................................9
  **19.**   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? ...............................................................................................9
  **20.**   DO I HAVE TO COME TO THE HEARING? ...............................................10
  **21.**   MAY I SPEAK AT THE FINAL APPROVAL HEARING? ...........................10
  **22.**   WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL APPROVAL HEARING? ...............................................................................................10

PART IX:   GETTING ADDITIONAL INFORMATION ...............................................10
  **23.**   HOW DO I GET MORE INFORMATION? ...................................................10

## PART I:  WHAT IS THE LAWSUIT ABOUT?

### 1.      WHAT THIS NOTICE EXPLAINS

A Federal Court authorized this Notice because you have a right to know about the proposed Settlement of a class action lawsuit known as *Audino, et al. v. JPMorgan Chase Bank, N.A.*, No. 4:16-cv-00631-SMR-HCA (the "Action"), and about all of your options, before the Court decides whether to approve the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Court in charge of this case is the United States District Court for the Southern District of Iowa. The people who sued are called the "Plaintiffs," and JPMorgan Chase Bank, N.A. ("Chase") is the "Defendant."

The essential terms of the Settlement are summarized below. The Settlement Agreement explains in greater detail the rights and obligations of the parties. If there is any conflict between this Notice and the Settlement Agreement, the Settlement Agreement governs.

### 2.      WHAT IS THIS LAWSUIT ABOUT?

This lawsuit alleges that Chase breached the promissory notes underlying the class's FHA-insured home loans when it collected post-payment interest (i.e., interest for the remainder of the month during which the loan was paid off) without providing a certain form of disclosure to borrowers who made a pre-payment inquiry, request for payoff figures, or tender of prepayment.

Chase denies any and all allegations of wrongdoing and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged in this lawsuit or in any similar action. Chase denies that it violated the law and specifically denies that it was required to provide a certain form of disclosure to borrowers prior to the collection of Post-Payment Interest. The proposed Settlement does not suggest that Chase has or has not done anything wrong, or that Plaintiffs and the proposed Class would or would not win their case if it were to go to trial.

For more detailed information as to Plaintiffs' allegations, you may review a copy of Plaintiffs' complaint by clicking **[here].**

### 3.      WHY DID THIS LAWSUIT SETTLE?

The Court has not decided whether Plaintiffs' claims or Chase's defenses have any merit, and it will not do so if the proposed Settlement is approved. The Settlement will end all the claims against Chase in the Action and avoid the uncertainties and costs of further litigation and any future trial.

Plaintiffs have agreed to a Settlement of this Action after considering, among other things: (1) the substantial benefits to Plaintiffs and the proposed Class under the terms of the Settlement Agreement; (2) the risks, costs, and uncertainty of protracted litigation; and (3) the desirability of prompt resolution to provide relief to Plaintiffs and the proposed Class.

### 4.     WHY IS THIS A "CLASS ACTION"?

In a class action, one or more people, called named plaintiffs or class representatives, sue on behalf of people who have similar claims. All these people constitute the Class or are Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class or are otherwise not part of the Class.

## PART II:  DESCRIPTION OF THE CLASS

### 5.     AM I A MEMBER OF THE CLASS?

With some limited exceptions, described below, the Class includes all persons who had an FHA-Insured Loan for which (i) the FHA-Insured Loan was closed before January 21, 2015; (ii) Chase or its predecessor was the mortgagee or servicer as of the date the total amount due on the FHA-Insured Loan was brought to zero; (iii) Chase collected Post-Payment Interest on the FHA-Insured Loan during the applicable Limitations Period; and (iv) the total amount due on the FHA-Insured Loan was brought to zero on or after July 5, 2009, and on or before March 30, 2018.

If you received a postcard notice in the mail, Chase's records indicate that you may be a Class Member.

The Class does <u>not</u> include persons who timely and validly request exclusion from the Class or officers, directors, or employees of Chase or their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

### 6.     I'M STILL NOT SURE IF I'M INCLUDED.

If you do not understand whether or not you are a Class Member, you can contact Class Counsel as identified in the answer to Question 7, below.

**Please do not contact Chase with questions about this lawsuit or the proposed Settlement.**

## PART III:  THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

### 7.     DO I HAVE A LAWYER IN THIS CASE?

The Court has appointed the law firms of **Paul LLP, Rouse Law PC, and Gibbs Law Group LLP** to represent you and the other Class Members in this lawsuit. They are called "Class Counsel."

You may contact Class Counsel about this lawsuit and proposed Settlement as follows:

| | | |
|---|---|---|
| Richard M. Paul, III | Eric H. Gibbs | Ward A. Rouse |
| Ashlea G. Schwarz | **Gibbs Law Group LLP** | **Rouse Law, PC** |
| **Paul LLP** | 505 14th Street, Suite 1110 | 4940 Pleasant Street |
| 601 Walnut Street, Suite 300 | Oakland, CA 94612 | West Des Moines, IA 50266 |
| Kansas City, MO 64106 | Tel: (510) 350-9700 | Tel: (515) 223-9000 |

Tel: (816) 984-8100

You have the right to retain your own lawyer to represent you in this case, but you are not obligated to do so. If you do hire your own lawyer, you will have to pay his or her fees and expenses. You also have the right to represent yourself before the Court without a lawyer.

**8.      WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

You may contact Class Counsel about this lawsuit and proposed Settlement.  Their contact information is listed above in response to Question 7.  **Please do not contact Chase with questions about this lawsuit or the proposed Settlement.**

**9.      HOW WILL THE LAWYERS AND CLASS REPRESENTATIVES BE PAID?**

Class Counsel will apply to the Court for an award of attorneys' fees that will not exceed 28% of the Settlement Fund plus up to $40,000 for expenses, which shall be the sole aggregate compensation for all attorneys representing Plaintiffs and the Settlement Class.

Class Counsel will apply to the Court for a service award of up to $5,000 each for Class Representatives Matthew Audino, Jonna Audino, and Daniel Ogles, Jr. The purpose of such an award, if any, shall be to compensate the Class Representatives for efforts undertaken by them on behalf of the Class.

## PART IV:  DECISIONS YOU MUST MAKE NOW

**10.     WHAT DO I NEED TO DO <u>NOW</u>?**

**FIRST**, you must decide <u>now</u> whether you wish to remain in the Settlement Class or to exclude yourself from the Settlement Class. If you want to remain in the Settlement Class, **you do not have to do anything**. If you want to be excluded from the Settlement Class, you must notify the Settlement Administrator as described below in Part VI **no later than [DATE]**.

**SECOND**, if you remain in the Settlement Class, you may object to any part of the proposed Settlement by mailing a written objection to Class Counsel and Defense Counsel as described below in Part VII. You must **<u>mail</u>** your objection so that it is postmarked **on or before [DATE]**.

You do not have to appear for any objection to be considered, but if you wish to appear and speak at the Final Approval Hearing, you must first submit an objection (as described in Part VII) and, in addition, file and serve a Notice of Intention to Appear at the Final Approval Hearing that is postmarked by **[date]** as described in response to Question 22, below.

**11.     WHAT IF I DO NOTHING?**

**If you do nothing, you will automatically receive a check in the mail and you will be bound by the Settlement's release.**

- 5 -

Unless you exclude yourself from the Settlement Class, if the Settlement is approved, all of the Court's orders will apply to you and you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Chase in regard to the claims in this Action.

The Parties make no representations about the tax implications of payment in connection with the Settlement. You should seek your own tax advice before acting in response to this Notice.

## PART V:  SETTLEMENT BENEFITS – WHAT YOU GET

### 12.     WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement Agreement provides that, to resolve the case, Chase will deposit $11,220,000 ($11.22 million U.S. dollars) into an escrow fund (the "Settlement Fund") for payments to Settlement Class Members, administrative expenses, attorneys' fees and expenses, and class representative service awards. The Settlement Administrator will mail a check to each Settlement Class Member. To determine the amount of each Settlement Class Member's distribution, the Settlement Administrator will make the following calculations:

(i)     The Settlement Administrator will allocate a minimum payment of $5 to every Settlement Class Member (the "Minimum Distribution").

(ii)     To calculate the "Net Settlement Fund," the Settlement Administrator will deduct the costs of settlement administration, other fees, awards, and expenses authorized by the Court, and the Minimum Distribution from the Settlement Fund.

(iii)     Each Settlement Class Member from whom Chase collected more than $50 in Post-Payment Interest is eligible to receive an "Enhanced Distribution." For each such Settlement Class Member, the Settlement Administrator will divide the amount of Post-Payment Interest Chase collected from that Settlement Class Member by the total amount of Post-Payment Interest Chase collected from all such Settlement Class Members receiving an Enhanced Distribution, to arrive at each such Settlement Class Member's pro rata percentage. For each such Settlement Class Member, the Settlement Administrator will multiply the pro rata percentage by the Net Settlement Fund, with the calculation constituting the Enhanced Distribution for that Settlement Class Member. The Settlement Administrator shall add any Enhanced Distribution to each Settlement Class Member's Minimum Distribution.

If, according to Chase's records, there are co-borrowers on the account for which Post-Payment Interest was paid, the settlement check shall be made jointly payable to all named borrowers.

Any distribution paid to a deceased Settlement Class Member shall be made payable to the estate, beneficiary, or heir of the deceased Settlement Class Member, provided that the Settlement Class Member's estate, beneficiary, or heir informs the Settlement Administrator of the Settlement Class Member's death and provides the Settlement Administrator a death certificate and/or such other documentation as the Settlement Administrator may require ten (10) days before the date that settlement checks are mailed.  The Settlement Administrator's contact information is listed below on

page 7.

In return for the benefits in this Settlement, Settlement Class Members will release Chase from the claims discussed in the Settlement Agreement, and this Action will be dismissed with prejudice, among other terms.

## PART VI: EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive benefits from this Settlement, and you want to keep the right to sue or continue to sue Defendants on your own with regard to the legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or "opting out" of the Class.

### 13.   HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT?

If you want to exclude yourself from the Class, you <u>must</u> send the Settlement Administrator a written request to be excluded that includes the case name (*Audino, et al. v. JPMorgan Chase Bank, N.A.*), your full name and address, the state where the property on which the Post-Payment Interest was paid is located, and a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action." The request must be personally signed by you (the person requesting exclusion). Mass or class opt outs shall be void. Your exclusion request must be **postmarked** no later than **[DATE]** and sent to:

*Audino, et al. v. JPMorgan Chase Bank, N.A.*
Settlement Administrator
**[address]**

### 14.   WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS?

If you request exclusion from the Class, then:

- You will **<u>not</u>** be eligible for benefits under the proposed Settlement;

- You will **<u>not</u>** be allowed to object to the terms of the proposed Settlement; and

- You will **<u>not</u>** be bound by any subsequent rulings entered in this case if the proposed Settlement is finally approved.

**However, if your request for exclusion is <u>late or deficient</u>, you will still be considered a part of the Settlement Class, you will be bound by the Settlement and by all other orders and judgments in this lawsuit, and you will not be able to participate in any other lawsuits based on the claims in this case.**

### 15.   WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE SETTLEMENT CLASS?

If you stay in the Settlement Class, you will be releasing Chase and the Released Parties from all of

the claims described and identified in Sections 8 and 10 of the Settlement Agreement, which can be viewed **[here]** and provides more detail regarding the Release and describes the Released Claims with specific descriptions. You also give up the right to sue or be part of any other lawsuit against Chase about the issues in this Action, including any existing litigation, arbitration, or proceeding. Additionally, you will be bound by the Settlement, and all of the decisions, orders, and judgments by the Court about the Settlement.

## 16. CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS?

**No.  If you remain a member of the Settlement Class and the Settlement is finally approved, you will be enjoined and barred from initiating or continuing any lawsuit or other proceeding against Chase if those claims are included among those released in the Settlement.**

As part of this Settlement, the Court has preliminary enjoined all Class Members and/or their representatives (who do not timely exclude themselves from the Class) from maintaining, commencing, prosecuting, or pursuing any Released Claim as Class Members or otherwise against Chase (or against any of their related parties or affiliates).

Upon final approval of the Settlement, Plaintiffs and Chase will ask the Court to make this injunction permanent.  All Settlement Class Members will be bound by this permanent injunction.

## PART VII:  OBJECTING TO THE SETTLEMENT

You have the right to tell the Court that you do not agree with the Settlement or any or all of its terms.

## 17. HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?

If you choose to remain a Settlement Class Member, you have a right to object to any parts of the proposed Settlement. The Court will consider your views.

To be considered by the Court, your written objection must include:

(1) the case name and number: *Audino, et al. v. JPMorgan Chase Bank, N.A.*, No. 4:16-cv-00631-SMR-HCA;
(2) your full name;
(3) your address;
(4) your telephone number;
(5) if you are represented by counsel, the name, address, and telephone number of your counsel;
(6) a written statement of the specific legal and factual bases for your objection(s);
(7) a specific list of each instance in which you or your counsel has objected to a class action settlement in the past five years; and
(8) a statement of whether you intend to appear and argue at the Final Approval Hearing, either with or without counsel.

**Your written objection must be personally signed by you.** The Parties will have the right to take discovery, including via subpoenas *duces tecum* and depositions, from you. Further, because any

appeal by an objecting Settlement Class Member would delay the payment under the Settlement, each Settlement Class Member that appeals must put up a cash bond, set by the Court, sufficient to reimburse Class Counsel's appellate fees, Class Counsel's expenses, and the lost interest to the Class caused by the delay.

You must mail your objection to Class Counsel and Defense Counsel, **postmarked no later than [DATE],** at their addresses:

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Richard M. Paul, III | Mary J. Hackett |
| Ashlea G. Schwarz | K. Issac deVyver |
| Paul LLP | McGuireWoods LLP |
| 601 Walnut Street, Suite 300 | 260 Forbes Avenue |
| Kansas City, MO 64106 | Pittsburgh, PA 15222 |

If you object, but the Court approves the Settlement over your objection, you are still eligible to be paid under the Settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

### 18.     WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"?

Objecting is simply a way of telling the Court that you do not like something about the Settlement. You can only object if you stay in the Settlement Class.

If you object to the Settlement, you still remain a member of the Settlement Class, eligible to benefit from the Settlement. You will also be bound by any subsequent rulings in this Action and you will not be able to file or participate in any other lawsuit or proceeding based upon or relating to the claims, causes of action, facts, or circumstances of this case.

Excluding yourself is telling the Court that you do not want to be a part of the Settlement Class. If you exclude yourself, you have no basis to object to the Settlement or appear at the Final Approval Hearing because it no longer affects you.

### PART VIII:  THE COURT'S FINAL APPROVAL HEARING

The Court will hold a final hearing (called a Final Approval Hearing) to decide whether to finally approve the Settlement.

### 19.     WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

On **[DATE]**, at **[TIME]**, the Court will hold a Final Approval Hearing at the United States District Court for the Southern District of Iowa, before the Honorable Stephanie M. Rose, in Courtroom 145, 123 East Walnut Street, Des Moines, IA 50309.

At the hearing, the Court will consider whether to grant final certification to the Settlement Class for settlement purposes; whether to approve the proposed Settlement as fair, reasonable, and adequate; whether to award attorneys' fees and expenses; whether to award the Class Representatives a service award for their help; and consider related settlement issues. We do not know whether the Court will make its decision on the day of the hearing or sometime later.

### 20.    DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have at the Final Approval Hearing. But you are welcome to come at your own expense. Please note that the Court has the right to change the date and/or time of the Final Approval Hearing without further notice. If you are planning to attend the hearing, you should confirm the date and time before going to the Court.

### 21.    MAY I SPEAK AT THE FINAL APPROVAL HEARING?

Yes, if you filed an objection, you may ask the Court for permission to speak at the hearing. To do so, you must submit an objection and also file a document called a "Notice of Intention to Appear" as described in response to Question 22, below.

### 22.    WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL APPROVAL HEARING?

If you are a member of the Settlement Class, and you (or your attorney) want speak at the Final Approval Hearing, you (or your attorney) must have submitted an objection and must file a **Notice of Intention to Appear** at the Final Approval Hearing. Your Notice of Intention to Appear at the Final Approval Hearing, along with any papers, exhibits, or other evidence you intend to present, must be filed with the Court at:

Clerk of the Court
**United States District Court for the Southern District of Iowa**
123 East Walnut Street
Des Moines, Iowa 50309

**Your Notice of Intention to Appear at the Final Approval Hearing, along with any papers, exhibits, or other evidence you intend to present, must also be served on Class Counsel and Defense Counsel (at their addresses specified in Question 17) no later than [DATE].**

## PART IX:  GETTING ADDITIONAL INFORMATION

### 23.    HOW DO I GET MORE INFORMATION?

This Notice and the accompanying documents summarize the proposed Settlement. More details are contained in the Settlement Agreement, which is on file with the Clerk of the Court and is also available **[here]**. For a more detailed statement of the matters involved in this case, you may review the complaint and the other papers and Court orders on file in the Clerk's office at any time during normal business hours, Monday through Friday, 8:30 a.m. to 5:00 p.m. Central Time.

If you have questions after reading this notice, you may direct your questions about the Settlement to Class Counsel, whose names and addresses are listed in response to Question 7 of this Notice.

**PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT**

Dated:  **[DATE]**, 2018                    Clerk of the Court
                                            United States District Court for the Southern District of Iowa

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

MATTHEW AND JONNA AUDINO,
Individually and on behalf of all others
similarly situated,

                    Plaintiffs,                    Case No. 4:16-cv-00631-SMR-HCA

        v.

JPMORGAN CHASE BANK, N.A,

                    Defendant.

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the above entitled action is pending before this Court (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Action, in accordance with the Settlement Agreement and Release dated **[date of agreement]**, 2018 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice; and the Court having read and considered the Agreement and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Settlement.** Plaintiffs Matthew Audino, Jonna Audino, and Daniel Ogles, Jr. (collectively, the "Class Representatives") on behalf of themselves and all members of the Class, and Defendant JPMorgan Chase Bank, N.A. ("Chase") have negotiated a potential settlement to the Action to avoid the expense, uncertainties, and burden of protracted

litigation, and to resolve the Released Claims (as defined in the Agreement) against Chase and the Releasees.

2. **Review.** At the preliminary approval stage, the Court's task is to evaluate whether the settlement is within the "range of reasonableness." 4 Newberg on Class Actions § 11.26 (4th ed. 2010). In determining whether class action settlements should be approved, "[c]ourts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement. . . . They do not decide the merits of the case or resolve unsettled legal questions." *Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981). To determine if a class action settlement is "fair, reasonable, and adequate," the district court must consider four factors: "(1) the merits of the plaintiff's case weighed against the terms of the settlement, (2) the defendant's financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement." *VanHorn v. Trickey*, 840 F.3d 604, 607 (8th Cir. 1988). "A settlement agreement is presumptively valid." *In re Uponor, Inc. 51807 Plumbing Fittings Products Liability Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013) (quotation marks omitted). The Court has carefully reviewed the Agreement, as well as the files, records, and proceedings to date in the Action. The terms and conditions in the Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Agreement.

3. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

4. **Preliminary Approval.** The Court hereby preliminarily approves the Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below. The Court finds on a preliminary basis that the Settlement as set forth in the Agreement falls within the range

of reasonableness and was the product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5. **Settlement Class.** The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Action, including no effect upon the Action should the Agreement not receive Final Approval or should the Effective Date not occur), a class defined as the collective group of all persons who had an FHA-Insured Loan for which (i) the FHA-Insured Loan was closed before January 21, 2015; (ii) Chase or its predecessor was the mortgagee or servicer as of the date the total amount due on the FHA-Insured Loan was brought to zero; (iii) Chase collected Post-Payment Interest on the FHA-Insured Loan during the applicable Limitations Period; and (iv) the total amount due on the FHA-Insured Loan was brought to zero on or after July 5, 2009, and on or before March 30, 2018. Excluded from the Class are Chase, all officers, directors, and employees of Chase, and their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

6. The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Class Members; (e) the Class is ascertainable; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. **Designation of Class Representatives and Class Counsel.** The Court appoints the Plaintiffs Matthew Audino, Jonna Audino, and Daniel Ogles, Jr. as Class Representatives,

and the law firms of Paul LLP, Rouse Law PC, and Gibbs Law Group LLP as Class Counsel.

8.   **Final Approval Hearing.** A hearing (the "Final Approval Hearing") shall be held before this Court, on _____, 2018, at _____.m., at the United States District Court for the Southern District of Iowa, 123 East Walnut Street, Des Moines, IA 50309 to determine, among other things: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment as provided in Paragraph 1.17 of the Agreement should be entered; (iii) whether Settlement Class Members should be bound by the Release set forth in the Agreement; and (iv) any amount of fees and expenses that should be awarded to Class Counsel and any service award to the Class Representatives for their representation of the Class. The Parties shall include the date of the Final Approval Hearing in the Notice to be mailed to the Settlement Class.

9.   **Class Notice.** The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Class Action annexed hereto as Exhibits 1-A ("Postcard Notice") and 1-B ("Long-form Notice"). The Court further finds that the form, content and mailing of the Notice, substantially in the manner and form set forth in Paragraph 10 of this Order, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Court further finds that this is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of the Action, to apprise persons who would otherwise fall within the definition of the Class of their right to exclude themselves from the proposed Class, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing. The Court further finds that the Notice constitutes due and sufficient notice to all persons entitled thereto.

10. **Settlement Administrator.** Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints KCC LLC ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

(a)  No later than thirty (30) days from the entry of this Order (the "Notice Date"), the Settlement Administrator shall cause a copy of the Postcard Notice, in the same or substantially the same form as Exhibit 1-A hereto (though the Settlement Administrator shall have discretion to format the Postcard Notice in a reasonable manner to minimize mailing or administration costs), to be mailed by first class U.S. mail to each individual on the Notice List;

(b)  No later than the Notice Date, the Settlement Administrator shall establish a website at [website], and shall post on the website the Agreement and Exhibits thereto, including the Long-form Notice in the same or substantially the same form as Exhibit 1-B hereto;

(c)  Following the issuance of the Postcard Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing; and

(d)  The Settlement Administrator shall otherwise carry out its duties as set forth in the Agreement.

11. **Exclusion from the Class.** Any Class Member may, upon request, be excluded from the Class. Any such Class Member must submit a written Request to Opt Out, postmarked no later than forty-five days before the Final Approval Hearing. The written Request to Opt Out must be sent to the Settlement Administrator: *Audino, et al. v. JPMorgan Chase Bank, N.A.*, Settlement Administrator, **[address]**. To be valid, the Request to Opt Out must include the Class Member's full name, address, original signature, the state where the property on which the Post-Payment Interest paid is located, and a statement that indicates a desire to be excluded from the Settlement Class. All Class Members who submit valid and timely Requests to Opt Out in the manner set forth in this Paragraph shall have no rights under the Agreement and shall not be bound by the

Agreement or any Final Judgment. Mass or class opt outs shall not be allowed. A Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Agreement, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

12. **Copies of Requests to Opt Out.** The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests to Opt Out within seven (7) business days after the Opt-Out Deadline.

13. **Entry of Appearance.** Any member of the Class who does not exclude himself or herself from the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. If he or she does not enter an appearance, he or she will be represented by Class Counsel.

14. **Binding Effect on Class.** All Members who do not exclude themselves from the Settlement Class by properly and timely submitting an exclusion form shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

15. **Objections.** Any Class Member who does not timely and validly exclude himself or herself from the Settlement Class may appear and show cause, if he or she has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, why a Final Judgment should not be entered thereon, why attorneys' fees and expenses should not be awarded to Class Counsel, or why an award should not be made to the Class Representatives; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, or any attorneys' fees and expenses to be awarded to Class Counsel or award made to the Class Representatives, unless a written objection is mailed to Class Counsel and Defense Counsel, postmarked on or before forty-five (45) days before the

Final Approval Hearing. To be valid, the objection must set forth, in clear and concise terms: (a) the case name and number (*Audino, et al. v. JPMorgan Chase Bank, N.A.*, No. 4:16-cv-00631-SMR-HCA); (b) the full name, address, and telephone number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the specific legal and factual bases for objection; (d) a specific list of each instance in which the objector or his or her counsel has objected to a class action settlement in the past five years; and (e) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. The written objection must be personally signed by the Settlement Class Member. Any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of an award to the Class Representatives for their representation of the Class, unless otherwise ordered by the Court.

16. **Appearance of Objectors at Final Approval Hearing.** Any Class Member who serves a written objection in accordance with Paragraph 15 of this Order may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the

deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

17. **Service of Motion for Final Approval.** The motion in support of final approval of the Settlement shall be filed and served no later than fourteen (14) calendar days prior to the Final Approval Hearing and any responsive papers shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing. Class Counsel's application for Attorneys' Fees and Expenses shall be filed and served no later than sixty (60) days prior to the Final Approval Hearing.

18. **Fees, Expenses, and Awards.** Neither Chase nor the Releasees shall have any responsibility for any application for Attorneys' Fees and Expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Final Approval Hearing, the Court shall determine whether any application for Attorneys' Fees and Expenses, and any award to the Class Representatives for their representation of the Class, should be approved.

19. **Releases.** If the Settlement is finally approved, the Releasors shall release the Releasees from all Released Claims.

20. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Chase. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or

other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

21. **Continuance of Final Approval Hearing.** The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

22. **Stay of Proceedings.** All proceedings in this Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

23. **Preliminary Injunction.** Pending final determination of whether the Settlement should be approved, and upon expiration of the Opt-Out Deadline, all Class Members who do not timely and validly exclude themselves from the Settlement Class, and each of them, and anyone who purports to act on their behalf, are preliminarily enjoined from directly or indirectly maintaining, commencing, prosecuting, or pursuing directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Agreement, including in any court or arbitration forum.

24. **Termination of Settlement.** If: (a) the Agreement is terminated as provided in Section 13 of the Agreement; or (b) any specified material term or condition of the Settlement as set forth in the Agreement is not satisfied as provided in Section 13 of the Agreement, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated, *nunc pro tunc* (except Paragraph 20 of this Order shall remain in effect), and each party shall be restored to his, her, or its respective position in this Action as it existed prior to the execution of the Agreement.

25. **Joint Stipulation to Conditionally Amend the Complaint for Settlement Purposes.** The Parties' Joint Stipulation to Conditionally Amend the Complaint for Settlement Purposes is approved. If the Agreement is terminated, as described above in Paragraph 24, the Conditionally Amended Complaint shall be deemed withdrawn and the prior Complaint shall again become the operative Complaint.

26. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

27. **Authority.** The Court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Agreement.

28. **Jurisdiction.** This Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Agreement and the Settlement.

IT IS SO ORDERED.


DATED: _____          _____
                            THE HONORABLE STEPHANIE M. ROSE
                            UNITED STATES DISTRICT JUDGE

# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| MATTHEW AND JONNA AUDINO, and DANIEL OGLES, JR, Individually and on behalf of all others similarly situated, <br><br>                  Plaintiffs,<br><br>     v.<br><br>JPMORGAN CHASE BANK, N.A,<br><br>              Defendant. | Case No. 4:16-cv-00631-SMR-HCA |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court dated _____, 2018, on the application of the Parties for approval of the Settlement set forth in the Settlement Agreement and Release dated **[date of agreement]**, 2018 (the "Agreement"). On _____, 2018, this Court granted preliminary approval to the proposed class action settlement set forth in the Agreement between Plaintiffs Matthew Audino, Jonna Audino, and Daniel Ogles, Jr. (collectively, the "Class Representatives"), individually and as class representatives on behalf of the Settlement Class, and Defendant JPMorgan Chase Bank, N.A. ("Chase"). This Court also provisionally certified the Class for settlement purposes, approved the procedure for giving Class Notice to the Class Members, and set a Final Approval Hearing to take place on _____, 2018. The Court finds that due and adequate notice was given to the Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class, and supporting affidavits.

On _____, 2018, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel, and any service award to the Class Representatives for their representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Definitions.** This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members, and venue in this Court is proper.

3. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action, with the Class defined as the collective group of all persons who had an FHA-Insured Loan for which (i) the FHA-Insured Loan was closed before January 21, 2015; (ii) Chase or its predecessor was the mortgagee or servicer as of the date the total amount due on the FHA-Insured Loan was brought to zero; (iii) Chase collected Post-Payment Interest on the FHA-Insured Loan during the applicable Limitations Period; and (iv) the total amount due on the FHA-Insured Loan was brought to zero on or after July 5, 2009, and on or before March 30,

2018. Excluded from the Class are Chase, all officers, directors, and employees of Chase, and their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

5.   The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the Class Members are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Class Members; (e) the Class is ascertainable; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.   **Designation of Class Representatives and Class Counsel.** The Court confirms the prior appointments of the Plaintiffs Matthew Audino, Jonna Audino, and Daniel Ogles, Jr. as Class Representatives, and the law firms of Paul LLP, Rouse Law PC, and Gibbs Law Group LLP as Class Counsel.

7.   **Settlement Approval.** Pursuant to Federal Rule of Civil Procedure 23, this Court hereby **approves** the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Parties. The Court further finds that the Settlement set forth in the Agreement is the result of good faith arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement embodied in the Agreement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

8.   **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are hereby dismissed in their entirety with prejudice and without costs. All claims in the

Action are dismissed, and the case shall be closed pursuant to Paragraph 22 of this Order. Nothing herein is intended to waive or prejudice the rights of Class Members who have timely excluded themselves from the Class, as identified on Exhibit 1 hereto.

9. **Releases.** The releases as set forth in Section 10 of the Agreement together with the definitions in Sections 1.1-1.38 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section 10 of the Agreement, including but not limited to the definitions of Released Claims, Releasors, Releasees and Unknown Claims. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Releasees.

10. **Permanent Injunction.** The Releasors, including the Class Representatives and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims. The Releasors further are forever barred and enjoined from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Members but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims.

11. **Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of the

proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

12. **Attorneys' Fees and Expenses.** Plaintiffs and Class Counsel have moved for an award of attorneys' fees and expenses in the amount of 28% of the Settlement Fund, or $3,141,600 plus $40,000 in expenses. The Court has considered this application separately from this Judgment. The Court finds that an award of $_____ in attorneys' fees and $_____ in expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees and expenses in these amounts.

13. **Class Representative Service Awards.** The Court finds that a service award for Matthew Audino, Jonna Audino, and Daniel Ogles, Jr. in the amount of $5,000 each is fair and reasonable, and the Court approves of the service award in this amount. The Court directs the Settlement Administrator to disburse this amount to Mr. Audino, Ms. Audino, and Mr. Ogles as provided in the Settlement Agreement.

14. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Chase. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

15. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

16. **Termination of Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 13 of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Class shall be automatically vacated, and this Judgment shall be rendered null and void (except Paragraph 14 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

17. **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Agreement.

18. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

19. **Class Action Fairness Act (CAFA) Notice.** Chase has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

20. **Class Notice List.** No later than thirty (30) days after the Effective Date (as defined in the Agreement), the Settlement Administrator shall file with this Court, under seal pursuant to the Protective Order entered in this litigation (in order to protect the names, addresses, and other personal information of Class Members), a list of the names and addresses of all Class Members to whom the Notice was sent.

21. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

22. **Action Closed.** The Clerk of the Court is hereby directed to close the Action.

IT IS SO ORDERED.

DATED: _____          _____
                              THE HONORABLE STEPHANIE M. ROSE
                              UNITED STATES DISTRICT JUDGE