# EXHIBIT 7

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**
*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

*Audino, et al. v. JPMorgan Chase Bank, N.A.,*
Case No. 4:16-cv-00631-SMR-HCA

# If you had an FHA-insured loan with Chase or its predecessor that was closed before January 21, 2015, you paid off the loan in full on or after July 5, 2009, and on or before March 30, 2018, on a day other than the first of the month, and you paid post-payment interest on the loan, then the proposed Settlement of a class action lawsuit may affect your rights.

- This Notice explains what the class action is about, what the Settlement will be if it is approved by the United States District Court for the Southern District of Iowa (the "Court"), what benefits you may receive under the Settlement, and what to do if you want to (i) object to the Settlement or (ii) not participate in the Settlement and instead "opt out" of the class action. These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court still has to decide whether to approve the Settlement. The relief provided to Settlement Class Members will be provided if the Court approves the Settlement and after appeals, if any, are resolved in favor of the Settlement. Please be patient.

- **Your legal rights may be affected whether you act or do not act. Read this Notice carefully because it explains decisions you must make and actions you must take <u>now</u>.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: ||
|---|---|
| **DO NOTHING** | If you do nothing, you will receive compensation through the Settlement and will be bound by any orders or judgment relating to the Settlement approved by the Court. |
| **EXCLUDE YOURSELF** | If you exclude yourself, you will not be entitled to money, but you will keep your right to sue Chase on your own about the claims discussed in this Notice. An exclusion request must be in writing and **postmarked** on or before **[DATE]**. |
| **OBJECT TO THE SETTLEMENT** | You can write to the Court about why you do not agree with any aspect of the Settlement. An objection must be in writing and **postmarked** on or before **[DATE]**. |
| **GO TO A HEARING** | You can ask to speak to the Court about the "fairness" of the Settlement, after you submit your objection. A Notice of Intention to Appear must be in writing, **filed**, and **postmarked** on or before **[DATE]** <u>in addition to</u> submitting a timely objection. |

## WHAT THIS NOTICE CONTAINS

PART I:   WHAT IS THE LAWSUIT ABOUT? ...................................................................................3
    **1.**    WHAT THIS NOTICE EXPLAINS ...................................................................3
    **2.**    WHAT IS THIS LAWSUIT ABOUT?..................................................................3
    **3.**    WHY DID THIS LAWSUIT SETTLE? .................................................................3
    **4.**    WHY IS THIS A "CLASS ACTION"? ..................................................................4

PART II:   DESCRIPTION OF THE CLASS..................................................................................4
    **5.**    AM I A MEMBER OF THE CLASS?......................................................................4
    **6.**    I'M STILL NOT SURE IF I'M INCLUDED. ......................................................4

PART III:   THE LAWYERS REPRESENTING THE SETTLEMENT CLASS ..............................4
    **7.**    DO I HAVE A LAWYER IN THIS CASE? ........................................................4
    **8.**    WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? ...........................5
    **9.**    HOW WILL THE LAWYERS AND CLASS REPRESENTATIVES BE PAID? ...............5

PART IV:   DECISIONS YOU MUST MAKE NOW .........................................................................5
    **10.**   WHAT DO I NEED TO DO NOW? ......................................................................5
    **11.**   WHAT IF I DO NOTHING? ..................................................................................5

PART V:   SETTLEMENT BENEFITS – WHAT YOU GET .............................................................6
    **12.**   WHAT DOES THE SETTLEMENT PROVIDE?..............................................6

PART VI:   EXCLUDING YOURSELF FROM THE SETTLEMENT .............................................7
    **13.**   HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT? .................................................................................................7
    **14.**   WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS? ..............................7
    **15.**   WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE SETTLEMENT CLASS? .................................................................................................7
    **16.**   CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS?................................8

PART VII:   OBJECTING TO THE SETTLEMENT ........................................................................8
    **17.**   HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?........................8
    **18.**   WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"? ..........................................................................................................9

PART VIII:   THE COURT'S FINAL APPROVAL HEARING ........................................................9
    **19.**   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? .................................................................................................9
    **20.**   DO I HAVE TO COME TO THE HEARING?................................................10
    **21.**   MAY I SPEAK AT THE FINAL APPROVAL HEARING?............................10
    **22.**   WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL APPROVAL HEARING? .................................................................................................10

PART IX:   GETTING ADDITIONAL INFORMATION ................................................................10
    **23.**   HOW DO I GET MORE INFORMATION?..................................................10

## PART I: WHAT IS THE LAWSUIT ABOUT?

### 1. WHAT THIS NOTICE EXPLAINS

A Federal Court authorized this Notice because you have a right to know about the proposed Settlement of a class action lawsuit known as *Audino, et al. v. JPMorgan Chase Bank, N.A.*, No. 4:16-cv-00631-SMR-HCA (the "Action"), and about all of your options, before the Court decides whether to approve the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Court in charge of this case is the United States District Court for the Southern District of Iowa. The people who sued are called the "Plaintiffs," and JPMorgan Chase Bank, N.A. ("Chase") is the "Defendant."

The essential terms of the Settlement are summarized below. The Settlement Agreement explains in greater detail the rights and obligations of the parties. If there is any conflict between this Notice and the Settlement Agreement, the Settlement Agreement governs.

### 2. WHAT IS THIS LAWSUIT ABOUT?

This lawsuit alleges that Chase breached the promissory notes underlying the class's FHA-insured home loans when it collected post-payment interest (i.e., interest for the remainder of the month during which the loan was paid off) without providing a certain form of disclosure to borrowers who made a pre-payment inquiry, request for payoff figures, or tender of prepayment.

Chase denies any and all allegations of wrongdoing and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged in this lawsuit or in any similar action. Chase denies that it violated the law and specifically denies that it was required to provide a certain form of disclosure to borrowers prior to the collection of Post-Payment Interest. The proposed Settlement does not suggest that Chase has or has not done anything wrong, or that Plaintiffs and the proposed Class would or would not win their case if it were to go to trial.

For more detailed information as to Plaintiffs' allegations, you may review a copy of Plaintiffs' complaint by clicking **[here].**

### 3. WHY DID THIS LAWSUIT SETTLE?

The Court has not decided whether Plaintiffs' claims or Chase's defenses have any merit, and it will not do so if the proposed Settlement is approved. The Settlement will end all the claims against Chase in the Action and avoid the uncertainties and costs of further litigation and any future trial.

Plaintiffs have agreed to a Settlement of this Action after considering, among other things: (1) the substantial benefits to Plaintiffs and the proposed Class under the terms of the Settlement Agreement; (2) the risks, costs, and uncertainty of protracted litigation; and (3) the desirability of prompt resolution to provide relief to Plaintiffs and the proposed Class.

### 4. WHY IS THIS A "CLASS ACTION"?

In a class action, one or more people, called named plaintiffs or class representatives, sue on behalf of people who have similar claims. All these people constitute the Class or are Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class or are otherwise not part of the Class.

## PART II: DESCRIPTION OF THE CLASS

### 5. AM I A MEMBER OF THE CLASS?

With some limited exceptions, described below, the Class includes all persons who had an FHA-Insured Loan for which (i) the FHA-Insured Loan was closed before January 21, 2015; (ii) Chase or its predecessor was the mortgagee or servicer as of the date the total amount due on the FHA-Insured Loan was brought to zero; (iii) Chase collected Post-Payment Interest on the FHA-Insured Loan during the applicable Limitations Period; and (iv) the total amount due on the FHA-Insured Loan was brought to zero on or after July 5, 2009, and on or before March 30, 2018.

If you received a postcard notice in the mail, Chase's records indicate that you may be a Class Member.

The Class does not include persons who timely and validly request exclusion from the Class or officers, directors, or employees of Chase or their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

### 6. I'M STILL NOT SURE IF I'M INCLUDED.

If you do not understand whether or not you are a Class Member, you can contact Class Counsel as identified in the answer to Question 7, below.

**Please do not contact Chase with questions about this lawsuit or the proposed Settlement.**

## PART III: THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

### 7. DO I HAVE A LAWYER IN THIS CASE?

The Court has appointed the law firms of **Paul LLP, Rouse Law PC, and Gibbs Law Group LLP** to represent you and the other Class Members in this lawsuit. They are called "Class Counsel."

You may contact Class Counsel about this lawsuit and proposed Settlement as follows:

| | | |
|---|---|---|
| Ashlea G. Schwarz | Eric H. Gibbs | Ward A. Rouse |
| **Paul LLP** | **Gibbs Law Group LLP** | **Rouse Law, PC** |
| 601 Walnut Street, Suite 300 | 505 14th Street, Suite 1110 | 4940 Pleasant Street |
| Kansas City, MO 64106 | Oakland, CA 94612 | West Des Moines, IA 50266 |
| Tel: (816) 984-8100 | Tel: (510) 350-9700 | Tel: (515) 223-9000 |

You have the right to retain your own lawyer to represent you in this case, but you are not obligated to do so. If you do hire your own lawyer, you will have to pay his or her fees and expenses. You also have the right to represent yourself before the Court without a lawyer.

### 8. WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

You may contact Class Counsel about this lawsuit and proposed Settlement. Their contact information is listed above in response to Question 7. **Please do not contact Chase with questions about this lawsuit or the proposed Settlement.**

### 9. HOW WILL THE LAWYERS AND CLASS REPRESENTATIVES BE PAID?

Class Counsel will apply to the Court for an award of attorneys' fees that will not exceed 28% of the Settlement Fund plus up to $40,000 for expenses, which shall be the sole aggregate compensation for all attorneys representing Plaintiffs and the Settlement Class.

Class Counsel will apply to the Court for a service award of up to $5,000 each for Class Representatives Matthew Audino, Jonna Audino, and Daniel Ogles, Jr. The purpose of such an award, if any, shall be to compensate the Class Representatives for efforts undertaken by them on behalf of the Class.

## PART IV: DECISIONS YOU MUST MAKE NOW

### 10. WHAT DO I NEED TO DO NOW?

**FIRST**, you must decide now whether you wish to remain in the Settlement Class or to exclude yourself from the Settlement Class. If you want to remain in the Settlement Class, **you do not have to do anything**. If you want to be excluded from the Settlement Class, you must notify the Settlement Administrator as described below in Part VI **no later than [DATE]**.

**SECOND**, if you remain in the Settlement Class, you may object to any part of the proposed Settlement by mailing a written objection to Class Counsel and Defense Counsel as described below in Part VII. You must **mail** your objection so that it is postmarked **on or before [DATE]**.

You do not have to appear for any objection to be considered, but if you wish to appear and speak at the Final Approval Hearing, you must first submit an objection (as described in Part VII) and, in addition, file and serve a Notice of Intention to Appear at the Final Approval Hearing that is postmarked by **[date]** as described in response to Question 22, below.

### 11. WHAT IF I DO NOTHING?

**If you do nothing, you will automatically receive a check in the mail and you will be bound by the Settlement's release.**

Unless you exclude yourself from the Settlement Class, if the Settlement is approved, all of the Court's orders will apply to you and you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Chase in regard to the claims in this Action.

The Parties make no representations about the tax implications of payment in connection with the Settlement. You should seek your own tax advice before acting in response to this Notice.

## PART V: SETTLEMENT BENEFITS – WHAT YOU GET

### 12. WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement Agreement provides that, to resolve the case, Chase will deposit $11,220,000 ($11.22 million U.S. dollars) into an escrow fund (the "Settlement Fund") for payments to Settlement Class Members, administrative expenses, attorneys' fees and expenses, and class representative service awards. The Settlement Administrator will mail a check to each Settlement Class Member. To determine the amount of each Settlement Class Member's distribution, the Settlement Administrator will make the following calculations:

(i) The Settlement Administrator will allocate a minimum payment of $5 to every Settlement Class Member (the "Minimum Distribution").

(ii) To calculate the "Net Settlement Fund," the Settlement Administrator will deduct the costs of settlement administration, other fees, awards, and expenses authorized by the Court, and the Minimum Distribution from the Settlement Fund.

(iii) Each Settlement Class Member from whom Chase collected more than $50 in Post-Payment Interest is eligible to receive an "Enhanced Distribution." For each such Settlement Class Member, the Settlement Administrator will divide the amount of Post-Payment Interest Chase collected from that Settlement Class Member by the total amount of Post-Payment Interest Chase collected from all such Settlement Class Members receiving an Enhanced Distribution, to arrive at each such Settlement Class Member's pro rata percentage. For each such Settlement Class Member, the Settlement Administrator will multiply the pro rata percentage by the Net Settlement Fund, with the calculation constituting the Enhanced Distribution for that Settlement Class Member. The Settlement Administrator shall add any Enhanced Distribution to each Settlement Class Member's Minimum Distribution.

If, according to Chase's records, there are co-borrowers on the account for which Post-Payment Interest was paid, the settlement check shall be made jointly payable to all named borrowers.

Any distribution paid to a deceased Settlement Class Member shall be made payable to the estate, beneficiary, or heir of the deceased Settlement Class Member, provided that the Settlement Class Member's estate, beneficiary, or heir informs the Settlement Administrator of the Settlement Class Member's death and provides the Settlement Administrator a death certificate and/or such other documentation as the Settlement Administrator may require ten (10) days before the date that settlement checks are mailed. The Settlement Administrator's contact information is listed below on page 7.

In return for the benefits in this Settlement, Settlement Class Members will release Chase from the claims discussed in the Settlement Agreement, and this Action will be dismissed with prejudice,

among other terms.

## PART VI: EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive benefits from this Settlement, and you want to keep the right to sue or continue to sue Defendants on your own with regard to the legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or "opting out" of the Class.

### 13. HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT?

If you want to exclude yourself from the Class, you <u>must</u> send the Settlement Administrator a written request to be excluded that includes the case name (*Audino, et al. v. JPMorgan Chase Bank, N.A.*), your full name and address, the state where the property on which the Post-Payment Interest was paid is located, and a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action." The request must be personally signed by you (the person requesting exclusion). Mass or class opt outs shall be void. Your exclusion request must be **postmarked** no later than **[DATE]** and sent to:

*Audino, et al. v. JPMorgan Chase Bank, N.A.*
Settlement Administrator
P.O. Box XXXX
Louisville, KY 40233-5000

### 14. WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS?

If you request exclusion from the Class, then:

- You will **not** be eligible for benefits under the proposed Settlement;
- You will **not** be allowed to object to the terms of the proposed Settlement; and
- You will **not** be bound by any subsequent rulings entered in this case if the proposed Settlement is finally approved.

**However, if your request for exclusion is <u>late or deficient</u>, you will still be considered a part of the Settlement Class, you will be bound by the Settlement and by all other orders and judgments in this lawsuit, and you will not be able to participate in any other lawsuits based on the claims in this case.**

### 15. WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE SETTLEMENT CLASS?

If you stay in the Settlement Class, you will be releasing Chase and the Released Parties from all of the claims described and identified in Sections 8 and 10 of the Settlement Agreement, which can be viewed **[here]** and provides more detail regarding the Release and describes the Released Claims with specific descriptions. You also give up the right to sue or be part of any other lawsuit against Chase

about the issues in this Action, including any existing litigation, arbitration, or proceeding. Additionally, you will be bound by the Settlement, and all of the decisions, orders, and judgments by the Court about the Settlement.

### 16. CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS?

**No. If you remain a member of the Settlement Class and the Settlement is finally approved, you will be enjoined and barred from initiating or continuing any lawsuit or other proceeding against Chase if those claims are included among those released in the Settlement.**

As part of this Settlement, the Court has preliminary enjoined all Class Members and/or their representatives (who do not timely exclude themselves from the Class) from maintaining, commencing, prosecuting, or pursuing any Released Claim as Class Members or otherwise against Chase (or against any of their related parties or affiliates).

Upon final approval of the Settlement, Plaintiffs and Chase will ask the Court to make this injunction permanent. All Settlement Class Members will be bound by this permanent injunction.

## PART VII: OBJECTING TO THE SETTLEMENT

You have the right to tell the Court that you do not agree with the Settlement or any or all of its terms.

### 17. HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?

If you choose to remain a Settlement Class Member, you have a right to object to any parts of the proposed Settlement. The Court will consider your views.

To be considered by the Court, your written objection must include:

> (1) the case name and number: *Audino, et al. v. JPMorgan Chase Bank, N.A.*, No. 4:16-cv-00631-SMR-HCA;
> (2) your full name;
> (3) your address;
> (4) your telephone number;
> (5) if you are represented by counsel, the name, address, and telephone number of your counsel;
> (6) a written statement of the specific legal and factual bases for your objection(s);
> (7) a specific list of each instance in which you or your counsel has objected to a class action settlement in the past five years; and
> (8) a statement of whether you intend to appear and argue at the Final Approval Hearing, either with or without counsel.

**Your written objection must be personally signed by you.** The Parties will have the right to take discovery, including via subpoenas *duces tecum* and depositions, from you. Further, because any appeal by an objecting Settlement Class Member would delay the payment under the Settlement, each Settlement Class Member that appeals must put up a cash bond, set by the Court, sufficient to reimburse Class Counsel's appellate fees, Class Counsel's expenses, and the lost interest to the Class

caused by the delay.

You must mail your objection to Class Counsel and Defense Counsel, **postmarked no later than [DATE],** at their addresses:

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Richard M. Paul III | Mary J. Hackett |
| Ashlea G. Schwarz | K. Issac deVyver |
| Paul LLP | McGuireWoods LLP |
| 601 Walnut Street, Suite 300 | 260 Forbes Avenue |
| Kansas City, MO 64106 | Pittsburgh, PA 15222 |

If you object, but the Court approves the Settlement over your objection, you are still eligible to be paid under the Settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

### 18. WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"?

Objecting is simply a way of telling the Court that you do not like something about the Settlement. You can only object if you stay in the Settlement Class.

If you object to the Settlement, you still remain a member of the Settlement Class, eligible to benefit from the Settlement. You will also be bound by any subsequent rulings in this Action and you will not be able to file or participate in any other lawsuit or proceeding based upon or relating to the claims, causes of action, facts, or circumstances of this case.

Excluding yourself is telling the Court that you do not want to be a part of the Settlement Class. If you exclude yourself, you have no basis to object to the Settlement or appear at the Final Approval Hearing because it no longer affects you.

## PART VIII: THE COURT'S FINAL APPROVAL HEARING

The Court will hold a final hearing (called a Final Approval Hearing) to decide whether to finally approve the Settlement.

### 19. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

On **[DATE]**, at **[TIME]**, the Court will hold a Final Approval Hearing at the United States District Court for the Southern District of Iowa, before the Honorable Stephanie M. Rose, in Courtroom 145, 123 East Walnut Street, Des Moines, IA 50309.

At the hearing, the Court will consider whether to grant final certification to the Settlement Class for settlement purposes; whether to approve the proposed Settlement as fair, reasonable, and adequate; whether to award attorneys' fees and expenses; whether to award the Class Representatives a service award for their help; and consider related settlement issues. We do not know whether the Court will make its decision on the day of the hearing or sometime later.

### 20. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have at the Final Approval Hearing. But you are welcome to come at your own expense. Please note that the Court has the right to change the date and/or time of the Final Approval Hearing without further notice. If you are planning to attend the hearing, you should confirm the date and time before going to the Court.

### 21. MAY I SPEAK AT THE FINAL APPROVAL HEARING?

Yes, if you filed an objection, you may ask the Court for permission to speak at the hearing. To do so, you must submit an objection and also file a document called a "Notice of Intention to Appear" as described in response to Question 22, below.

### 22. WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL APPROVAL HEARING?

If you are a member of the Settlement Class, and you (or your attorney) want to speak at the Final Approval Hearing, you (or your attorney) must have submitted an objection and must file a **Notice of Intention to Appear** at the Final Approval Hearing. Your Notice of Intention to Appear at the Final Approval Hearing, along with any papers, exhibits, or other evidence you intend to present, must be filed with the Court at:

Clerk of the Court
**United States District Court for the Southern District of Iowa**
123 East Walnut Street
Des Moines, Iowa 50309

**Your Notice of Intention to Appear at the Final Approval Hearing, along with any papers, exhibits, or other evidence you intend to present, must also be served on Class Counsel and Defense Counsel (at their addresses specified in Question 17) no later than [DATE].**

### PART IX: GETTING ADDITIONAL INFORMATION

### 23. HOW DO I GET MORE INFORMATION?

This Notice and the accompanying documents summarize the proposed Settlement. More details are contained in the Settlement Agreement, which is on file with the Clerk of the Court and is also available **[here]**. For a more detailed statement of the matters involved in this case, you may review the complaint and the other papers and Court orders on file in the Clerk's office at any time during normal business hours, Monday through Friday, 8:30 a.m. to 5:00 p.m. Central Time.

If you have questions after reading this notice, you may direct your questions about the Settlement to Class Counsel, whose names and addresses are listed in response to Question 7 of this Notice.

**PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT**

Dated:  **[DATE]**, 2018             Clerk of the Court
                                    United States District Court for the Southern District of Iowa