IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| MATTHEW AUDINO, JONNA AUDINO, and DANIEL OGLES, JR., individually and on behalf of all others similarly situated, | ) ) ) | Case No. 4:16-CV-00631-SMR-HCA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the above entitled action is pending before this Court (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Action, in accordance with the Settlement Agreement and Release dated June 14, 2018, (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice; and the Court having read and considered the Agreement and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Settlement.** Plaintiffs Matthew Audino, Jonna Audino, and Daniel Ogles, Jr. (collectively, the "Class Representatives") on behalf of themselves and all members of the Class, and Defendant JPMorgan Chase Bank, N.A. ("Chase") have negotiated a potential settlement to the Action to

avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Agreement) against Chase and the Releasees.

2. **Review.** At the preliminary approval stage, the Court's task is to evaluate whether the settlement is within the "range of possible approval." 4 Newberg on Class Actions § 13.15 (5th ed. 2014). In determining whether class action settlements should be approved, "[c]ourts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement. . . . They do not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981). To determine if a class action settlement is "fair, reasonable, and adequate," the district court must consider four factors: "(1) the merits of the plaintiff's case weighed against the terms of the settlement, (2) the defendant's financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement." *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988). "A settlement agreement is presumptively valid." *In re Uponor, Inc. 51807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013) (internal quotation omitted). The Court has carefully reviewed the Agreement, as well as the files, records, and proceedings to date in the Action. The terms and conditions in the Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Agreement.

3. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

4. **Preliminary Approval.** The Court hereby preliminarily approves the Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the

Final Approval Hearing described below.  The Court finds on a preliminary basis that the Settlement as set forth in the Agreement falls within the range of reasonableness and was the product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5. **Settlement Class.** The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Action, including no effect upon the Action should the Agreement not receive Final Approval or should the Effective Date not occur), a class defined as the collective group of all persons who had an FHA- Insured Loan for which (i) the FHA-Insured Loan was closed before January 21, 2015; (ii) Chase or its predecessor was the mortgagee or servicer as of the date the total amount due on the FHA-Insured Loan was brought to zero; (iii) Chase collected Post-Payment Interest on the FHA-Insured Loan during the applicable Limitations Period; and (iv) the total amount due on the FHA-Insured Loan was brought to zero on or after July 5, 2009, and on or before March 30, 2018.  Excluded from the Class are Chase, all officers, directors, and employees of Chase, and their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

6. The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Class Members; (e) the Class is ascertainable; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.  **Designation of Class Representatives and Class Counsel.**  The Court appoints the Plaintiffs Matthew Audino, Jonna Audino, and Daniel Ogles, Jr. as Class Representatives, and the law firms of Paul LLP, Rouse Law PC, and Gibbs Law Group LLP as Class Counsel.

8.  **Final Approval Hearing.**  A hearing (the "Final Approval Hearing") shall be held before this Court, on **November 5, 2018, at 9:00 a.m.**, at the United States District Court for the Southern District of Iowa, 123 East Walnut Street, Des Moines, IA 50309 to determine, among other things: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment as provided in Paragraph 1.17 of the Agreement should be entered; (iii) whether Settlement Class Members should be bound by the Release set forth in the Agreement; and (iv) any amount of fees and expenses that should be awarded to Class Counsel and any service award to the Class Representatives for their representation of the Class.  The Parties shall include the date of the Final Approval Hearing in the Notice to be mailed to the Settlement Class.

9.  **Class Notice.**  The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action annexed hereto as Exhibits 1-A ("Postcard Notice") and 1-B ("Long-form Notice").  The Court further finds that the form, content, and mailing of the Notice, substantially in the manner and form set forth in Paragraph 10 of this Order, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.  The Court further finds that this is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of the Action, to apprise persons who would otherwise fall within the definition of the Class of their right to exclude themselves from the proposed Class, and to apprise Class Members of their right to object to the

proposed Settlement and their right to appear at the Final Approval Hearing.  The Court further finds that the Notice constitutes due and sufficient notice to all persons entitled thereto.

10. **Settlement Administrator.**   Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints KCC LLC ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

(a) No later than thirty (30) days from the entry of this Order (the "Notice Date"), the Settlement Administrator shall cause a copy of the Postcard Notice, in the same or substantially the same form as Exhibit 1-A hereto (though the Settlement Administrator shall have discretion to format the Postcard Notice in a reasonable manner to minimize mailing or administration costs), to be mailed by first class U.S. mail to each individual on the Notice List;

(b) No later than the Notice Date, the Settlement Administrator shall establish a website at www.AudinoSettlement.com, and shall post on the website the Agreement and Exhibits thereto, including the Long-form Notice in the same or substantially the same form as Exhibit 1-B hereto;

(c) Following the issuance of the Postcard Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing; and

(d) The Settlement Administrator shall otherwise carry out its duties as set forth in the Agreement.

11. **Exclusion from the Class.**  Any Class Member may, upon request, be excluded from the Class.  Any such Class Member must submit a written Request to Opt Out, postmarked no later than forty-five days before the Final Approval Hearing.  The written Request to Opt Out must be sent to the Settlement Administrator at the address set forth in the class notice.  To be valid, the Request to Opt Out must include the Class Member's full name, address, original signature, the state where the property on which the Post- Payment Interest paid is located, and a statement that

indicates a desire to be excluded from the Settlement Class. All Class Members who submit valid and timely Requests to Opt Out in the manner set forth in this Paragraph shall have no rights under the Agreement and shall not be bound by the Agreement or any Final Judgment. Mass or class opt outs shall not be allowed. A Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Agreement, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

12. **Copies of Requests to Opt Out.** The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests to Opt Out within seven (7) business days after the Opt-Out Deadline.

13. **Entry of Appearance.** Any member of the Class who does not exclude himself or herself from the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. If he or she does not enter an appearance, he or she will be represented by Class Counsel.

14. **Binding Effect on Class.** All Members who do not exclude themselves from the Settlement Class by properly and timely submitting an exclusion form shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

15. **Objections.** Any Class Member who does not timely and validly exclude himself or herself from the Settlement Class may appear and show cause, if he or she has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, why a Final Judgment should not be entered thereon, why attorneys' fees and expenses should not be

awarded to Class Counsel, or why an award should not be made to the Class Representatives; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, or any attorneys' fees and expenses to be awarded to Class Counsel or award made to the Class Representatives, unless a written objection is mailed to Class Counsel and Defense Counsel, postmarked on or before forty-five (45) days before the Final Approval Hearing. To be valid, the objection must set forth, in clear and concise terms: (a) the case name and number (*Audino, et al. v. JPMorgan Chase Bank, N.A.*, No. 4:16- cv-00631-SMR-HCA); (b) the full name, address, and telephone number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the specific legal and factual bases for objection; (d) a specific list of each instance in which the objector or his or her counsel has objected to a class action settlement in the past five years; and (e) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. The written objection must be personally signed by the Settlement Class Member. Any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of an award to the Class Representatives for their representation of the Class, unless otherwise ordered by the Court.

16. **Appearance of Objectors at Final Approval Hearing.** Any Class Member who serves a written objection in accordance with Paragraph 15 of this Order may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed

Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the Objection Deadline.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Final Approval Hearing.  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

17. **Service of Motion for Final Approval.**  The motion in support of final approval of the Settlement shall be filed and served no later than fourteen (14) calendar days prior to the Final Approval Hearing and any responsive papers shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.  Class Counsel's application for Attorneys' Fees and Expenses shall be filed and served no later than sixty (60) days prior to the Final Approval Hearing.

18. **Fees, Expenses, and Awards.**   Neither Chase nor the Releasees shall have any responsibility for any application for Attorneys' Fees and Expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Final Approval Hearing, the Court shall determine whether any application for Attorneys' Fees and Expenses, and any award to the Class Representatives for their representation of the Class, should be approved.

19. **Releases.**  If the Settlement is finally approved, the Releasors shall release the Releasees from all Released Claims.

20. **Use of Order.**  Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Chase. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

21. **Continuance of Final Approval Hearing.**  The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

22. **Stay of Proceedings.**  All proceedings in this Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

23. **Preliminary Injunction.**  Pending final determination of whether the Settlement should be approved, and upon expiration of the Opt-Out Deadline, all Class Members who do not timely and validly exclude themselves from the Settlement Class, and each of them, and anyone who purports to act on their behalf, are preliminarily enjoined from directly or indirectly maintaining, commencing, prosecuting, or pursuing directly, representatively, or in any other capacity, any

Released Claim subsumed and covered by the Release in the Agreement, including in any court or arbitration forum.

24. **Termination of Settlement.** If: (a) the Agreement is terminated as provided in Section 13 of the Agreement; or (b) any specified material term or condition of the Settlement as set forth in the Agreement is not satisfied as provided in Section 13 of the Agreement, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated, *nunc pro tunc* (except Paragraph 20 of this Order shall remain in effect), and each party shall be restored to his, her, or its respective position in this Action as it existed prior to the execution of the Agreement.

25. **Joint Stipulation to Conditionally Amend the Complaint for Settlement Purposes.** The Parties' Joint Stipulation to Conditionally Amend the Complaint for Settlement Purposes is approved. If the Agreement is terminated, as described above in Paragraph 24, the Conditionally Amended Complaint shall be deemed withdrawn and the prior Complaint shall again become the operative Complaint.

26. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

27. **Authority.** The Court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Agreement.

28. **Jurisdiction.** This Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Agreement and the Settlement.

   IT IS SO ORDERED.

   Dated this 5th day of July, 2018.

            _____
            STEPHANIE M. ROSE, JUDGE
            UNITED STATES DISTRICT COURT

# EXHIBIT 1-A

*Audino, et al. v. JPMorgan Chase Bank, N.A.*                    POSTAGE
Settlement Administrator
P.O. Box XXXX
Louisville, KY 40233-5000

# Important Notice About FHA Mortgage Pre-Payment Settlement

Address Block

## If You Prepaid an FHA-Insured Loan With Chase on a Day Other Than the First of the Month and Paid Post-Payment Interest, You May Be Eligible For a Payment from a Class Action Settlement.

*THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.*

**This is an official court notice from the United States District Court for the Southern District of Iowa,** *Audino, et al. v. JPMorgan Chase Bank, N.A.,* **Case No. 4:16-cv-00631-SMR-HCA**

A class action settlement has been reached in a case about interest JPMorgan Chase Bank, N.A. ("Chase") collected on FHA-insured loans paid off early for which Chase was mortgagee or servicer. The lawsuit, *Audino, et al. v. JPMorgan Chase Bank, N.A.*, is pending in the United States District Court for the Southern District of Iowa (the "Court") and alleges that Chase breached the promissory notes underlying the class's FHA-insured home loans when it collected post-payment interest (*i.e.*, interest for the remainder of the month during which the loan was paid off) without providing certain disclosures to borrowers who made a pre-payment inquiry, request for payoff figures, or tender of prepayment.

## **Please go to www.AudinoSettlement.com to obtain more information about the Settlement and to see the Settlement Agreement.**

**Why am I being contacted?** Chase's records show that you may be a Class member.  With some limited exceptions, the Class includes all persons who had an FHA-Insured Loan for which (i) the FHA-Insured Loan was closed before January 21, 2015; (ii) Chase or its predecessor was the mortgagee or servicer as of the date the total amount due on the FHA-Insured Loan was brought to zero; (iii) Chase collected Post-Payment Interest on the FHA-Insured Loan during the applicable Limitations Period; and (iv) the total amount due on the FHA-Insured Loan was brought to zero on or after July 5, 2009, and on or before March 30, 2018.

**What are the Settlement terms?** Chase has agreed to deposit $11,220,000 into an escrow fund for Settlement Class Member distributions, settlement expenses, attorneys' fees and expenses, and class representative service awards.

**How much will my Settlement payment be?** If you do not exclude yourself from the Settlement, you will *automatically* receive a check. Each Settlement Class Member will receive at least $5. If you paid more than $50 in Post-Payment Interest, you will receive an increased payment, based on how much you paid in Post-Payment Interest as compared to other Settlement Class Members. For more information about the Settlement calculation and payment distribution process, please go to the website above.

**Your Rights May Be Affected.**  If you do not exclude yourself from the Settlement, you will be bound by the terms of the Settlement Agreement, including its Releases. If you do not want to be legally bound, you must ask (in writing) to be excluded from the Settlement class by [**date**]. If you stay in the Settlement Class, you may object to the settlement (in writing) by [**date**]. The Court will hold a final approval hearing to consider whether to approve the Settlement, a request for attorneys' fees and expenses, and Class Representatives' service awards. You can appear at the hearing, but you do not have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing. Visit the website to learn more about how to exclude yourself from or object to the Settlement.

**When will the hearing be held to determine approval of the Settlement, and where?**  The Court will schedule the final approval hearing to take place at 123 East Walnut Street, Des Moines, IA 50309. Once the date and time are determined, it will be available on the website.

**Whom do I contact with questions?**  The Court appointed the law firms of Paul LLP (Ashlea Schwarz at 816-984-8100), Rouse Law PC (Sam Rouse at 515-223-9000), and Gibbs Law Group LLP (Eric Gibbs at 510-350-9700) as Class Counsel, and you may contact them with questions. **Please do NOT contact Chase with questions about this lawsuit or the proposed Settlement.**

# EXHIBIT 1-B

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

### *Audino, et al. v. JPMorgan Chase Bank, N.A.*,
### Case No. 4:16-cv-00631-SMR-HCA

**If you had an FHA-insured loan with Chase or its predecessor that was closed before January 21, 2015, you paid off the loan in full on or after July 5, 2009, and on or before March 30, 2018, on a day other than the first of the month, and you paid post-payment interest on the loan, then the proposed Settlement of a class action lawsuit may affect your rights.**

- This Notice explains what the class action is about, what the Settlement will be if it is approved by the United States District Court for the Southern District of Iowa (the "Court"), what benefits you may receive under the Settlement, and what to do if you want to (i) object to the Settlement or (ii) not participate in the Settlement and instead "opt out" of the class action. These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court still has to decide whether to approve the Settlement. The relief provided to Settlement Class Members will be provided if the Court approves the Settlement and after appeals, if any, are resolved in favor of the Settlement. Please be patient.

- **Your legal rights may be affected whether you act or do not act. Read this Notice carefully because it explains decisions you must make and actions you must take <u>now</u>.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you do nothing, you will receive compensation through the Settlement and will be bound by any orders or judgment relating to the Settlement approved by the Court. |
| **EXCLUDE YOURSELF** | If you exclude yourself, you will not be entitled to money, but you will keep your right to sue Chase on your own about the claims discussed in this Notice. An exclusion request must be in writing and **postmarked** on or before **[DATE]**. |
| **OBJECT TO THE SETTLEMENT** | You can write to the Court about why you do not agree with any aspect of the Settlement. An objection must be in writing and **postmarked** on or before **[DATE]**. |
| **GO TO A HEARING** | You can ask to speak to the Court about the "fairness" of the Settlement, after you submit your objection. A Notice of Intention to Appear must be in writing, **filed**, and **postmarked** on or before **[DATE]** <u>in addition to</u> submitting a timely objection. |

## WHAT THIS NOTICE CONTAINS

PART I:   WHAT IS THE LAWSUIT ABOUT?..................................................................3
  **1.**   WHAT THIS NOTICE EXPLAINS ........................................................3
  **2.**   WHAT IS THIS LAWSUIT ABOUT?....................................................3
  **3.**   WHY DID THIS LAWSUIT SETTLE? ...................................................3
  **4.**   WHY IS THIS A "CLASS ACTION"? ....................................................4

PART II:   DESCRIPTION OF THE CLASS .....................................................................4
  **5.**   AM I A MEMBER OF THE CLASS?......................................................4
  **6.**   I'M STILL NOT SURE IF I'M INCLUDED. .........................................4

PART III:   THE LAWYERS REPRESENTING THE SETTLEMENT CLASS ..............................4
  **7.**   DO I HAVE A LAWYER IN THIS CASE?..............................................4
  **8.**   WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? ............................5
  **9.**   HOW WILL THE LAWYERS AND CLASS REPRESENTATIVES BE PAID?..............5

PART IV:   DECISIONS YOU MUST MAKE NOW..................................................................5
  **10.**   WHAT DO I NEED TO DO NOW?.......................................................5
  **11.**   WHAT IF I DO NOTHING? .................................................................5

PART V:   SETTLEMENT BENEFITS – WHAT YOU GET ......................................................6
  **12.**   WHAT DOES THE SETTLEMENT PROVIDE?......................................6

PART VI:   EXCLUDING YOURSELF FROM THE SETTLEMENT ............................................7
  **13.**   HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE
     SETTLEMENT? ...............................................................................7
  **14.**   WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS? ................7
  **15.**   WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE SETTLEMENT
     CLASS?..........................................................................................7
  **16.**   CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS?................8

PART VII:   OBJECTING TO THE SETTLEMENT.....................................................................8
  **17.**   HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?.......................8
  **18.**   WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND
     "EXCLUDING"? ...............................................................................9

PART VIII:   THE COURT'S FINAL APPROVAL HEARING ..........................................................9
  **19.**   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE
     THE SETTLEMENT? .........................................................................9
  **20.**   DO I HAVE TO COME TO THE HEARING?..........................................10
  **21.**   MAY I SPEAK AT THE FINAL APPROVAL HEARING?...........................10
  **22.**   WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL APPROVAL
     HEARING?......................................................................................10

PART IX:   GETTING ADDITIONAL INFORMATION ..............................................................10
  **23.**   HOW DO I GET MORE INFORMATION? ..............................................10

## PART I:  WHAT IS THE LAWSUIT ABOUT?

### 1.      WHAT THIS NOTICE EXPLAINS

A Federal Court authorized this Notice because you have a right to know about the proposed Settlement of a class action lawsuit known as *Audino, et al. v. JPMorgan Chase Bank, N.A.*, No. 4:16-cv-00631-SMR-HCA (the "Action"), and about all of your options, before the Court decides whether to approve the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Court in charge of this case is the United States District Court for the Southern District of Iowa. The people who sued are called the "Plaintiffs," and JPMorgan Chase Bank, N.A. ("Chase") is the "Defendant."

The essential terms of the Settlement are summarized below. The Settlement Agreement explains in greater detail the rights and obligations of the parties. If there is any conflict between this Notice and the Settlement Agreement, the Settlement Agreement governs.

### 2.      WHAT IS THIS LAWSUIT ABOUT?

This lawsuit alleges that Chase breached the promissory notes underlying the class's FHA-insured home loans when it collected post-payment interest (i.e., interest for the remainder of the month during which the loan was paid off) without providing a certain form of disclosure to borrowers who made a pre-payment inquiry, request for payoff figures, or tender of prepayment.

Chase denies any and all allegations of wrongdoing and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged in this lawsuit or in any similar action. Chase denies that it violated the law and specifically denies that it was required to provide a certain form of disclosure to borrowers prior to the collection of Post-Payment Interest. The proposed Settlement does not suggest that Chase has or has not done anything wrong, or that Plaintiffs and the proposed Class would or would not win their case if it were to go to trial.

For more detailed information as to Plaintiffs' allegations, you may review a copy of Plaintiffs' complaint by clicking **[here].**

### 3.      WHY DID THIS LAWSUIT SETTLE?

The Court has not decided whether Plaintiffs' claims or Chase's defenses have any merit, and it will not do so if the proposed Settlement is approved. The Settlement will end all the claims against Chase in the Action and avoid the uncertainties and costs of further litigation and any future trial.

Plaintiffs have agreed to a Settlement of this Action after considering, among other things: (1) the substantial benefits to Plaintiffs and the proposed Class under the terms of the Settlement Agreement; (2) the risks, costs, and uncertainty of protracted litigation; and (3) the desirability of prompt resolution to provide relief to Plaintiffs and the proposed Class.

### 4.    WHY IS THIS A "CLASS ACTION"?

In a class action, one or more people, called named plaintiffs or class representatives, sue on behalf of people who have similar claims. All these people constitute the Class or are Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class or are otherwise not part of the Class.

## PART II:  DESCRIPTION OF THE CLASS

### 5.    AM I A MEMBER OF THE CLASS?

With some limited exceptions, described below, the Class includes all persons who had an FHA-Insured Loan for which (i) the FHA-Insured Loan was closed before January 21, 2015; (ii) Chase or its predecessor was the mortgagee or servicer as of the date the total amount due on the FHA-Insured Loan was brought to zero; (iii) Chase collected Post-Payment Interest on the FHA-Insured Loan during the applicable Limitations Period; and (iv) the total amount due on the FHA-Insured Loan was brought to zero on or after July 5, 2009, and on or before March 30, 2018.

If you received a postcard notice in the mail, Chase's records indicate that you may be a Class Member.

The Class does <u>not</u> include persons who timely and validly request exclusion from the Class or officers, directors, or employees of Chase or their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

### 6.    I'M STILL NOT SURE IF I'M INCLUDED.

If you do not understand whether or not you are a Class Member, you can contact Class Counsel as identified in the answer to Question 7, below.

**Please do not contact Chase with questions about this lawsuit or the proposed Settlement.**

## PART III:  THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

### 7.    DO I HAVE A LAWYER IN THIS CASE?

The Court has appointed the law firms of **Paul LLP, Rouse Law PC, and Gibbs Law Group LLP** to represent you and the other Class Members in this lawsuit. They are called "Class Counsel."

You may contact Class Counsel about this lawsuit and proposed Settlement as follows:

| | | |
|---|---|---|
| Ashlea G. Schwarz | Eric H. Gibbs | Ward A. Rouse |
| **Paul LLP** | **Gibbs Law Group LLP** | **Rouse Law, PC** |
| 601 Walnut Street, Suite 300 | 505 14th Street, Suite 1110 | 4940 Pleasant Street |
| Kansas City, MO 64106 | Oakland, CA 94612 | West Des Moines, IA 50266 |
| Tel: (816) 984-8100 | Tel: (510) 350-9700 | Tel: (515) 223-9000 |

You have the right to retain your own lawyer to represent you in this case, but you are not obligated to do so. If you do hire your own lawyer, you will have to pay his or her fees and expenses. You also have the right to represent yourself before the Court without a lawyer.

### 8.     WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

You may contact Class Counsel about this lawsuit and proposed Settlement. Their contact information is listed above in response to Question 7. **Please do not contact Chase with questions about this lawsuit or the proposed Settlement.**

### 9.     HOW WILL THE LAWYERS AND CLASS REPRESENTATIVES BE PAID?

Class Counsel will apply to the Court for an award of attorneys' fees that will not exceed 28% of the Settlement Fund plus up to $40,000 for expenses, which shall be the sole aggregate compensation for all attorneys representing Plaintiffs and the Settlement Class.

Class Counsel will apply to the Court for a service award of up to $5,000 each for Class Representatives Matthew Audino, Jonna Audino, and Daniel Ogles, Jr. The purpose of such an award, if any, shall be to compensate the Class Representatives for efforts undertaken by them on behalf of the Class.

## PART IV:  DECISIONS YOU MUST MAKE NOW

### 10.     WHAT DO I NEED TO DO NOW?

**FIRST**, you must decide now whether you wish to remain in the Settlement Class or to exclude yourself from the Settlement Class. If you want to remain in the Settlement Class, **you do not have to do anything**. If you want to be excluded from the Settlement Class, you must notify the Settlement Administrator as described below in Part VI **no later than [DATE]**.

**SECOND**, if you remain in the Settlement Class, you may object to any part of the proposed Settlement by mailing a written objection to Class Counsel and Defense Counsel as described below in Part VII. You must **mail** your objection so that it is postmarked **on or before [DATE]**.

You do not have to appear for any objection to be considered, but if you wish to appear and speak at the Final Approval Hearing, you must first submit an objection (as described in Part VII) and, in addition, file and serve a Notice of Intention to Appear at the Final Approval Hearing that is postmarked by **[date]** as described in response to Question 22, below.

### 11.     WHAT IF I DO NOTHING?

**If you do nothing, you will automatically receive a check in the mail and you will be bound by the Settlement's release.**

Unless you exclude yourself from the Settlement Class, if the Settlement is approved, all of the Court's orders will apply to you and you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Chase in regard to the claims in this Action.

The Parties make no representations about the tax implications of payment in connection with the Settlement. You should seek your own tax advice before acting in response to this Notice.

## PART V:  SETTLEMENT BENEFITS – WHAT YOU GET

### 12.      WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement Agreement provides that, to resolve the case, Chase will deposit $11,220,000 ($11.22 million U.S. dollars) into an escrow fund (the "Settlement Fund") for payments to Settlement Class Members, administrative expenses, attorneys' fees and expenses, and class representative service awards. The Settlement Administrator will mail a check to each Settlement Class Member. To determine the amount of each Settlement Class Member's distribution, the Settlement Administrator will make the following calculations:

      (i)      The Settlement Administrator will allocate a minimum payment of $5 to every Settlement Class Member (the "Minimum Distribution").

      (ii)      To calculate the "Net Settlement Fund," the Settlement Administrator will deduct the costs of settlement administration, other fees, awards, and expenses authorized by the Court, and the Minimum Distribution from the Settlement Fund.

      (iii)      Each Settlement Class Member from whom Chase collected more than $50 in Post-Payment Interest is eligible to receive an "Enhanced Distribution." For each such Settlement Class Member, the Settlement Administrator will divide the amount of Post-Payment Interest Chase collected from that Settlement Class Member by the total amount of Post-Payment Interest Chase collected from all such Settlement Class Members receiving an Enhanced Distribution, to arrive at each such Settlement Class Member's pro rata percentage. For each such Settlement Class Member, the Settlement Administrator will multiply the pro rata percentage by the Net Settlement Fund, with the calculation constituting the Enhanced Distribution for that Settlement Class Member. The Settlement Administrator shall add any Enhanced Distribution to each Settlement Class Member's Minimum Distribution.

If, according to Chase's records, there are co-borrowers on the account for which Post-Payment Interest was paid, the settlement check shall be made jointly payable to all named borrowers.

Any distribution paid to a deceased Settlement Class Member shall be made payable to the estate, beneficiary, or heir of the deceased Settlement Class Member, provided that the Settlement Class Member's estate, beneficiary, or heir informs the Settlement Administrator of the Settlement Class Member's death and provides the Settlement Administrator a death certificate and/or such other documentation as the Settlement Administrator may require ten (10) days before the date that settlement checks are mailed.  The Settlement Administrator's contact information is listed below on page 7.

In return for the benefits in this Settlement, Settlement Class Members will release Chase from the claims discussed in the Settlement Agreement, and this Action will be dismissed with prejudice,

among other terms.

## PART VI:  EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive benefits from this Settlement, and you want to keep the right to sue or continue to sue Defendants on your own with regard to the legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or "opting out" of the Class.

### 13.   HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT?

If you want to exclude yourself from the Class, you must send the Settlement Administrator a written request to be excluded that includes the case name (*Audino, et al. v. JPMorgan Chase Bank, N.A.*), your full name and address, the state where the property on which the Post-Payment Interest was paid is located, and a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action." The request must be personally signed by you (the person requesting exclusion). Mass or class opt outs shall be void. Your exclusion request must be **postmarked** no later than **[DATE]** and sent to:

*Audino, et al. v. JPMorgan Chase Bank, N.A.*
Settlement Administrator
P.O. Box XXXX
Louisville, KY 40233-5000

### 14.   WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS?

If you request exclusion from the Class, then:

- You will **not** be eligible for benefits under the proposed Settlement;

- You will **not** be allowed to object to the terms of the proposed Settlement; and

- You will **not** be bound by any subsequent rulings entered in this case if the proposed Settlement is finally approved.

**However, if your request for exclusion is <u>late or deficient</u>, you will still be considered a part of the Settlement Class, you will be bound by the Settlement and by all other orders and judgments in this lawsuit, and you will not be able to participate in any other lawsuits based on the claims in this case.**

### 15.   WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE SETTLEMENT CLASS?

If you stay in the Settlement Class, you will be releasing Chase and the Released Parties from all of the claims described and identified in Sections 8 and 10 of the Settlement Agreement, which can be viewed **[here]** and provides more detail regarding the Release and describes the Released Claims with specific descriptions. You also give up the right to sue or be part of any other lawsuit against Chase

about the issues in this Action, including any existing litigation, arbitration, or proceeding. Additionally, you will be bound by the Settlement, and all of the decisions, orders, and judgments by the Court about the Settlement.

### 16.     CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS?

**No. If you remain a member of the Settlement Class and the Settlement is finally approved, you will be enjoined and barred from initiating or continuing any lawsuit or other proceeding against Chase if those claims are included among those released in the Settlement.**

As part of this Settlement, the Court has preliminary enjoined all Class Members and/or their representatives (who do not timely exclude themselves from the Class) from maintaining, commencing, prosecuting, or pursuing any Released Claim as Class Members or otherwise against Chase (or against any of their related parties or affiliates).

Upon final approval of the Settlement, Plaintiffs and Chase will ask the Court to make this injunction permanent.  All Settlement Class Members will be bound by this permanent injunction.

## PART VII:  OBJECTING TO THE SETTLEMENT

You have the right to tell the Court that you do not agree with the Settlement or any or all of its terms.

### 17.     HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?

If you choose to remain a Settlement Class Member, you have a right to object to any parts of the proposed Settlement. The Court will consider your views.

To be considered by the Court, your written objection must include:

(1) the case name and number: *Audino, et al. v. JPMorgan Chase Bank, N.A.*, No. 4:16-cv-00631-SMR-HCA;
(2) your full name;
(3) your address;
(4) your telephone number;
(5) if you are represented by counsel, the name, address, and telephone number of your counsel;
(6) a written statement of the specific legal and factual bases for your objection(s);
(7) a specific list of each instance in which you or your counsel has objected to a class action settlement in the past five years; and
(8) a statement of whether you intend to appear and argue at the Final Approval Hearing, either with or without counsel.

**Your written objection must be personally signed by you.** The Parties will have the right to take discovery, including via subpoenas *duces tecum* and depositions, from you. Further, because any appeal by an objecting Settlement Class Member would delay the payment under the Settlement, each Settlement Class Member that appeals must put up a cash bond, set by the Court, sufficient to reimburse Class Counsel's appellate fees, Class Counsel's expenses, and the lost interest to the Class

caused by the delay.

You must mail your objection to Class Counsel and Defense Counsel, **postmarked no later than [DATE],** at their addresses:

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Richard M. Paul III | Mary J. Hackett |
| Ashlea G. Schwarz | K. Issac deVyver |
| Paul LLP | McGuireWoods LLP |
| 601 Walnut Street, Suite 300 | 260 Forbes Avenue |
| Kansas City, MO 64106 | Pittsburgh, PA 15222 |

If you object, but the Court approves the Settlement over your objection, you are still eligible to be paid under the Settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

### 18.   WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"?

Objecting is simply a way of telling the Court that you do not like something about the Settlement. You can only object if you stay in the Settlement Class.

If you object to the Settlement, you still remain a member of the Settlement Class, eligible to benefit from the Settlement. You will also be bound by any subsequent rulings in this Action and you will not be able to file or participate in any other lawsuit or proceeding based upon or relating to the claims, causes of action, facts, or circumstances of this case.

Excluding yourself is telling the Court that you do not want to be a part of the Settlement Class. If you exclude yourself, you have no basis to object to the Settlement or appear at the Final Approval Hearing because it no longer affects you.

## PART VIII:  THE COURT'S FINAL APPROVAL HEARING

The Court will hold a final hearing (called a Final Approval Hearing) to decide whether to finally approve the Settlement.

### 19.   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

On **[DATE]**, at **[TIME]**, the Court will hold a Final Approval Hearing at the United States District Court for the Southern District of Iowa, before the Honorable Stephanie M. Rose, in Courtroom 145, 123 East Walnut Street, Des Moines, IA 50309.

At the hearing, the Court will consider whether to grant final certification to the Settlement Class for settlement purposes; whether to approve the proposed Settlement as fair, reasonable, and adequate; whether to award attorneys' fees and expenses; whether to award the Class Representatives a service award for their help; and consider related settlement issues. We do not know whether the Court will make its decision on the day of the hearing or sometime later.

**20.    DO I HAVE TO COME TO THE HEARING?**

No. Class Counsel will answer questions the Court may have at the Final Approval Hearing. But you are welcome to come at your own expense. Please note that the Court has the right to change the date and/or time of the Final Approval Hearing without further notice. If you are planning to attend the hearing, you should confirm the date and time before going to the Court.

**21.    MAY I SPEAK AT THE FINAL APPROVAL HEARING?**

Yes, if you filed an objection, you may ask the Court for permission to speak at the hearing. To do so, you must submit an objection and also file a document called a "Notice of Intention to Appear" as described in response to Question 22, below.

**22.    WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL APPROVAL HEARING?**

If you are a member of the Settlement Class, and you (or your attorney) want to speak at the Final Approval Hearing, you (or your attorney) must have submitted an objection and must file a **Notice of Intention to Appear** at the Final Approval Hearing. Your Notice of Intention to Appear at the Final Approval Hearing, along with any papers, exhibits, or other evidence you intend to present, must be filed with the Court at:

Clerk of the Court
**United States District Court for the Southern District of Iowa**
123 East Walnut Street
Des Moines, Iowa 50309

**Your Notice of Intention to Appear at the Final Approval Hearing, along with any papers, exhibits, or other evidence you intend to present, must also be served on Class Counsel and Defense Counsel (at their addresses specified in Question 17) no later than [DATE].**

**PART IX:  GETTING ADDITIONAL INFORMATION**

**23.    HOW DO I GET MORE INFORMATION?**

This Notice and the accompanying documents summarize the proposed Settlement. More details are contained in the Settlement Agreement, which is on file with the Clerk of the Court and is also available **[here]**. For a more detailed statement of the matters involved in this case, you may review the complaint and the other papers and Court orders on file in the Clerk's office at any time during normal business hours, Monday through Friday, 8:30 a.m. to 5:00 p.m. Central Time.

If you have questions after reading this notice, you may direct your questions about the Settlement to Class Counsel, whose names and addresses are listed in response to Question 7 of this Notice.

**PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT**

Dated:  **[DATE]**, 2018              Clerk of the Court
                                                      United States District Court for the Southern District of Iowa